No. 13,388.

THE BOARD OF COMMISSIONERS OF RIPLEY COUNTY
v. HILL ET AL.

PLEADING.—*Motions to Strike Out and to Make Specific.—Supreme Court.— Practice.*—To present any question to. the Supreme Court upon the over-ruling by the trial court of motions to make a pleading more specific or to strike out parts thereof, the motions, rulings and exceptions must be brought into the record by bill of exceptions or order of court.

SAME.—*Uncertainty.—How Reached.*—A complaint is not vitiated by uncer-tainty in some of its allegations when it states a cause of action exclu-sive of such allegations; nor can mere uncertainty therein be taken advantage of by demurrer for want of facts, but the proper remedy is by motion to make specific.

SAME.—*Contract.—Plaintiff's Non-Performance.—Defendant May Plead in Bar.* —While a party who sues for the breach of a contract must allege per-formance on his part, in order that his complaint may state a cause of action sufficient to withstand a demurrer, yet the defendant may, if he so elects, plead the plaintiff's non-performance in bar of the action.

GRAVEL ROAD.—*Contractor's Bond.— Action Upon. — Complaint. —* A com-plaint by the board of county commissioners upon a bond executed by a gravel road contractor to secure the performance of his contract, alleging a failure of the contractor to complete the work as agreed, is bad as to all the defendants if it fails to allege that the board had per-formed its part of the contract, or to show a sufficient excuse for its non-performance, the cause of action being primarily founded upon the contract.

SAME.—*Estimates.*— *Withholding Money From Contractor.*—Where the contract for the construction of a gravel road stipulates that the engineer in charge of the construction of the work shall give the contractor estimates at the end of each thirty days, upon which the latter shall be paid a certain per cent. of the amount due for work done, the fact that money to which the contractor is entitled for work already performed is withheld, whereby he is prevented from completing the work as agreed, is a good defence to an action upon the bond given by him to secure the performance of his contract.

SAME.—*Misconduct of Engineer.*—*Damages.*—*Liability of County.*—A county is not liable to a gravel road contractor for damages sustained by him by reason of the failure of the engineer in charge of the construction of the work to give him sufficient estimates, or for other delinquencies on his part, whereby such contractor is prevented from completing the road and is deprived of the profits which would have accrued to him.

From the Jennings Circuit Court.

*E. P. Ferris, J. L. Benham, J. Overmeyer, A. G. Smith, W. W. Spencer* and *J. S. Ferris,* for appellant.

*J. G. Berkshire, T. C. Batchelor, J. B. Rebuck, C. H. Willson, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellees.

HOWK, J.—This suit was commenced by appellant, as plaintiff, against appellees, John F. Hill, Ewing H. Rowe and Rezin Johnson, as defendants, in the Ripley Circuit Court. Appellant's complaint was in two paragraphs, each of which counted upon a certain writing obligatory, executed by appellees to the appellant, of which the following is a copy :

" Know all men by these presents, that we, John F. Hill, Ewing H. Rowe and Rezin Johnson are held and firmly bound unto the board of commissioners of Ripley county, State of Indiana, in the penal sum of seven thousand dollars, for the payment of which, well and truly to be made, we bind ourselves jointly and severally, and our heirs, executors and assigns, firmly by these presents. Sealed and dated this 21st day of April, 1885.

"The condition of the above obligation is such that,

whereas Calvin Carter, engineer of the Versailles and Dillsborough Free Gravel Road, by and with the approval of the board of commissioners of Ripley county, Indiana, has this day entered into a contract with the above bound John F. Hill for the construction of the said free gravel road, as, also, for making abutments and bridges along the said road, as per plans and specifications and profile of said route, which are made a part of said contract.

"Now, if the said John F. Hill shall well and truly perform said work, and in all things in compliance with said contract, and shall pay for all material and pay all debts incurred in the prosecution of said work, including board for laborers thereon, and in all things comply with said contract as to the construction and completion of said work, then this bond shall be void, else to remain in full force and effect. Witness our hands and seals this 21st day of April, 1885."

(Signatures omitted.)

In each paragraph of its complaint appellant assigned, substantially, the same breaches of the condition of the foregoing bond, namely, that appellee Hill had failed to comply with or complete his contract within the time specified therein, and had abandoned such contract.

Answers were filed by the appellees, and appellee Hill separately filed his cross-complaint herein. The venue of the cause was changed to the court below, and the issues joined upon the complaint and cross-complaint were there tried by a jury, and a verdict was returned for the appellees upon appellant's complaint, and for appellee Hill on his separate cross-complaint, assessing his damages by reason of the matters therein stated in the sum of $1,670. Over appellant's motion for a new trial, the court adjudged that it take nothing by its suit, that appellees recover their costs, and that appellee Hill recover of it his damages, assessed in the sum of $1,670, and also his costs herein expended.

In this court appellant has assigned nineteen errors upon the record of this cause, and cross-errors have been assigned

jointly by all the appellees, also by appellees Rowe and Johnson jointly, and separately by appellee Johnson.

As these cross-errors call in question here the sufficiency, both in form and substance, of each of the paragraphs of appellant's complaint, and the rulings of the court below upon motions to strike out, motions to make more specific, and demurrers for the alleged want of facts, addressed by appellees to such several paragraphs of complaint, or the exhibits therewith filed, we will first consider and decide such of the questions thereby presented as appellees' learned counsel have discussed in their exhaustive briefs of this cause.

1. In the first paragraph of its complaint the board of commissioners of Ripley county, plaintiff and appellant herein, alleged that, on the 21st day of April, 1885, appellee Hill entered into a contract with one Calvin Carter, engineer, with the approval of appellant, for the construction and completion, under the free gravel road law of this State, of what was known as the Versailles and Dillsborough Free Gravel Road, by grading, macadamizing, draining and gravelling such road from Versailles to the eastern boundary of Ripley county, a distance of eight miles, in sections of one mile each, beginning at Versailles and numbering east, all within such county; also, to build the abutments for a bridge over Laughrey Creek at Bushing's Ford; and, also, to build the abutments and put on iron bridges at two certain points on Rocky-run Branch, all according to certain plans and specifications then on file in the auditor's office of such county, which plans and specifications were made part of said contract; that it was further agreed in such contract that said work should be completed, as specified in such plans and specifications, on or before the 1st day of November, 1885; that at the time of the execution of such contract, and as a part thereof, the appellees executed a bond to the appellant in the penal sum of $7,000, for the faithful performance of the aforesaid contract, which bond was duly accepted by appellant, and such contract was duly awarded to appellee Hill.

Copies of which bond, contract and specifications were filed with, and made parts of, such paragraph of complaint.

And appellant averred that appellee Hill had wholly failed to comply with his said contract with Calvin Carter, engineer as aforesaid, by wholly failing and refusing to complete such contract, although often requested so to do before the commencement of this action ; that the aforesaid road, when completed according to contract, would be of the value of $14,-000 to appellant and Ripley county, upon which road appellant had paid appellee Hill, on said engineer's estimates, the sum of $4,000; and the time having expired for the performance of such contract, appellee Hill had wholly, intentionally, fraudulently and wilfully abandoned said contract, to appellant's damages in the sum of $7,000.   Wherefore, etc.

In the second paragraph of its complaint, appellant alleged substantially the same facts as in its first paragraph of complaint, with only slight changes in verbiage and phraseology.

In the third paragraph of its complaint, after stating the substance of the contract between it and appellees, as the same was stated in the first and second paragraphs of its complaint, appellant averred that, before the completion of such contract, appellee Hill the principal in the bond in suit, wherein the other appellees were his sureties, abandoned such contract and failed to complete the same within the time and in the manner stipulated therein ; that appellant had performed on its part all the conditions of such contract, and had paid appellee Hill, on such engineer's estimates, the sum of $4,000, and had been compelled, in order to get said work completed, to re-let the same to other parties and to obligate itself to pay such other parties the sum of $1,500 more for such work than it had agreed to pay appellee Hill therefor as aforesaid.   Wherefore, etc.

Appellees' cross-errors, which are predicated upon the overruling of their motions to strike out or reject the exhibits filed with the several paragraphs of appellant's complaint, and their motions to make the allegations of such

paragraphs more certain and specific, present no question for the decision of this court. This is so, because neither of such motions, nor the rulings of the court thereon, nor appellees' exceptions to such rulings, were made parts of the record of this cause either by bills of exceptions or by orders of court. Section 650, R. S. 1881; *Berlin* v. *Oglesbee*, 65 Ind. 308; *Peck* v. *Board, etc.*, 87 Ind. 221; *Laverty* v. *State, ex rel.*, 109 Ind. 217.

The other cross-errors assigned by all the appellees, by appellees Rowe and Johnson, and separately by appellee Johnson, call in question the sufficiency of the facts stated by appellant, in each paragraph of its complaint, to constitute a cause of action, and to withstand their respective demurrers thereto for the alleged want of facts.

It is manifest, we think, from what we have already said, that appellant's cause of action, as stated in each paragraph of its complaint herein, is primarily founded upon the written contract or agreement entered into, with its approval, by and between Calvin Carter, its engineer, and appellee John F. Hill. It was necessary, therefore, that appellant should, in each paragraph of its complaint, state sufficient facts to constitute a cause of action in its favor and against appellee Hill, by reason or on account of his non-compliance with the terms and conditions of the aforesaid contract or agreement, on his part to be kept and performed. If any one of such paragraphs failed to state a cause of action against appellee Hill, growing out of or founded upon his aforesaid contract or agreement, it is very clear, we think, that such paragraph could not and did not state sufficient facts to constitute a cause of action in appellant's favor, and against all the appellees, upon the bond in suit executed by them as aforesaid.

In such contract or agreement appellant agreed to pay appellee Hill for his work in accordance with his bid, at the end of each thirty days, upon the estimates of said engineer, eighty-five per cent. of the amount due upon said work, etc.,

and, further, that he should be paid two dollars per cubic yard for retaining walls.

If appellant had sued appellee Hill alone to recover damages for his alleged failure to comply with the terms of such contract or agreement, without reference to the bond counted upon herein, and had not alleged generally, in its complaint in such suit, that it had performed all the conditions of such contract on its part, or had not shown by proper averment a sufficient excuse for its non-performance of such conditions, it is certain, we think, that such complaint would have been insufficient on demurrer thereto for the want of sufficien' facts. This rule of pleading is in harmony with the provisions of our civil code, and is approved and followed in many of our decided cases. Section 370, R. S. 1881; *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *Armstrong* v. *Rockwood*, 53 Ind. 506; *American Ins. Co.* v. *Leonard*, 80 Ind. 272; *Bertelson* v. *Bower*, 81 Ind. 512; *Fairbanks* v. *Meyers*, 98 Ind. 92.

In the case in hand appellees' learned counsel vigorously contend that the first and second paragraphs of appellant's complaint herein were clearly bad on their demurrers thereto for the alleged insufficiency of the facts therein, because it was not alleged generally in either of such paragraphs that appellant had performed all the conditions of the contract therein described on its part, nor was any sufficient excuse shown in either paragraph for its non-performance of such conditions. We are of opinion that this objection to the sufficiency of the first and second paragraphs of complaint is well taken as to each of such paragraphs, and that appellees' demurrers thereto, for the alleged want of facts, ought to have been sustained.

Appellees' counsel concede in argument that the third paragraph of appellant's complaint is not open to the objection urged by them to the first two paragraphs thereof; because, as we have seen, appellant alleged generally in such third paragraph that it had performed on its part all the conditions of such contract.

Counsel earnestly insist, however, that the third paragraph was bad on the demurrers thereto, because of the vagueness and uncertainty of the averments therein in relation to the re-letting of the work which appellee Hill had contracted to do, and to the increased liability incurred by appellant by reason of such re-letting of such work. Counsel say: " It is not averred that the plaintiff has paid, or will ever be called on to pay, one cent upon or on account of the second letting. It is not averred that the parties to whom the work was re-let have ever done one lick of work upon the contract, or that they will ever do a dollar's worth of work on it. In short, there is not an averment in this third paragraph that shows a valid re-letting of the contract to build the turnpike, or that the county has become, or will ever be, liable to pay one cent on account of the re-letting." No doubt the third paragraph of appellant's complaint was justly open to the criticism of counsel, for uncertainty in its statement of the facts in regard to the re-letting of the work. But if this statement was wholly rejected, the third paragraph of complaint would yet state facts amply sufficient, we think, to withstand the appellees' demurrers thereto and to require them to answer. This is so because, while it was alleged in such paragraph that appellant had performed all the conditions of the contract between it and appellee Hill on its part, it was further alleged therein that, before the completion of his contract, appellee Hill abandoned the same and failed to complete the work within the time and in the manner stipulated therein. Besides, it was long since settled by our decisions, that uncertainty, merely, in the averments of a pleading, could not be reached or taken advantage of as error by a general demurrer for the alleged want of facts, but only by a motion to make the pleading or the particular averment thereof more certain and specific. *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297; *Jameson* v. *Board, etc.*, 64 Ind. 524; *Nowlin* v. *Whipple*, 79 Ind. 481; *City of Evansville* v. *Worthington*, 97 Ind. 282; *Cleveland, etc., R. W. Co.* v. *Wynant*,

100 Ind. 160; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225.

We pass now to the consideration of such of the errors assigned by appellant as have been discussed here by its learned counsel. The first four of these alleged errors are predicated upon the overruling of appellant's demurrers to each of the second, third, fourth and fifth paragraphs of the joint answer of all the defendants to the complaint herein. The first paragraph of such answer was a general denial of the complaint herein. In the second paragraph of their joint answer, defendants alleged that, on the 21st day of April, 1885, defendant Hill entered into the contract, filed with the complaint herein, with Calvin Carter, engineer, and the board of commissioners of Ripley county, for the construction of the Versailles and Dillsborough Free Gravel Road, including the excavations, masonry and abutments for a bridge over Laughrey creek, and for bridges on Rocky-run creek and the iron bridges over such creek, complete and ready for use and travel, according to the plans, specifications and profile for such road then on file in the auditor's office of such county, on or before the 1st day of November, 1885, for the sum of $13,616; that the engineer, Carter, with the approval of such board, agreed to pay defendant Hill for his work in accordance with his bid at the end of each thirty days, upon the estimates of such engineer, eighty-five per cent. of the amount due upon such work, and upon the full compliance with said contract and completion of such work to the acceptance of such engineer and county board, engineer Carter, with the approval of such board, was to pay defendant Hill the full amount due him on such work, and Hill and his co-defendants as his sureties entered into the bond filed with the complaint herein.

And defendants further alleged that, within a few days of the execution of such contract and bond, defendant Hill entered upon the construction of such work according to said contract, and prosecuted the same diligently until Sep-

tember 15th, 1885, and, at that date, had the work under such headway and so far completed that had plaintiff complied with the terms of such contract on its part, defendant Hill would have completed the work according to such contract, and within the time stipulated for its completion; that plaintiff failed to comply with such contract on its part, in the following particulars, namely: (1) That, on June 3d, 1885, defendant Hill was entitled to an estimate of $500, according to the terms of such contract, and that, instead of giving him an estimate for that sum, engineer Carter in violation of such contract gave him an estimate for $300; and that, at that time, he was entitled to the payment of $425, and in violation of said contract such engineer paid him the sum of $255. (2) That, on July 3d, 1885, he was entitled to an estimate of $1,850, but such engineer Carter, in violation of such contract, gave him an estimate for $1,460; and that he was then entitled, by the terms of such contract, to the payment of $1,572.50, but such engineer, in violation of said contract, paid him the sum of $1,261. (3) That, on August 3d, 1885, he was entitled to an estimate on his work of $2,100, but engineer Carter, in violation of the terms of such contract, gave him an estimate of $1,105; and that he was then entitled, under such contract, to be paid $1,785, but such engineer Carter, in violation of said contract, paid him the sum of $1,105. (4) That, on September 3d, 1885, defendant Hill was entitled to an estimate of $3,000 according to said contract, but engineer Carter, in violation of such contract, gave him an estimate for $932; and that he was then entitled to be paid on said contract the sum of $2,550, but such engineer, in violation of said contract, then paid him the sum of $792.20.

And defendants averred that defendant Hill continued to work upon said road under such contract until the 1st day of November, 1885, employing hands and completing the work as fast as he could with the amount of money that had been furnished by the estimates of such engineer, on which

last named day plaintiff declared said contract at an end, and notified defendant ·Hill and his employees accordingly, and ordered them to quit operations on such work under said contract, which was done accordingly by defendant Hill, under protest, as he was unable to further prosecute the work under such contract, on account of the failure as aforesaid of plaintiff and engineer Carter to comply with the terms of such contract on their part; and because of such failure of plaintiff as aforesaid, defendant Hill was unable to complete such contract within the time specified therein. Wherefore defendants demanded judgment.

It was stipulated in the contract or agreement for the construction of the Versailles and Dillsborough Free Gravel Road, executed by and between the engineer, Carter, with the approval of the board of commissioners of Ripley county, and the defendant Hill, as follows :

" The said Carter, by and with the approval of said board of commissioners, agrees to pay the said John F. Hill for his work in accordance with said bid, at the end of each thirty days, upon the estimates of the said engineer, eighty-five per cent. of the amount due upon said work ; and upon the full compliance with this contract, and completion of said work to the acceptance of the said engineer and the board of commissioners of said county, the said Carter, with the approval of said board of commissioners, is to pay to the said John F. Hill the full amount due him upon said work, as per this agreement."

In the second paragraph of defendants' joint answer herein, the substance of which we have given, they have alleged specifically and at length the continuous failure of plaintiff and engineer Carter, " at the end of each thirty days" during the continuance of the contract sued upon, to give defendant Hill full or correct estimates of the amount of work done by him in the preceding thirty days, or to pay him the agreed percentage upon the estimates of such engineer, " of the amount due upon said work," as a complete defence in

bar of plaintiff's cause of action, as stated in its complaint herein.

In discussing the alleged insufficiency of the several paragraphs of such complaint, we have already said that it was incumbent upon plaintiff herein, for the purpose of stating a cause of action sufficient to withstand a demurrer, to show by proper averment that it had performed all the stipulations of the contract in suit, on its part to be kept and performed, or such facts as would constitute a valid excuse for its non-performance of such stipulations. While this is so, however, the defendants may, if they choose so to do, plead affirmatively in such an action as the one now before us the substantial non-performance by plaintiff of material stipulations of the contract sued upon, by it to be performed, in bar of its cause of action. This is not controverted by plaintiff's counsel, as we understand their argument; but they first insist that the second paragraph of the joint answer is bad on demurrer, because it pleads conclusions of law, and not facts, as a defence to the action. Counsel say : "We submit that these averments stated conclusions of law. Whether or not Hill was entitled to estimates depended upon other facts; for instance, the amount and character of the work he had done, which should have been stated."

It is a mistake, we think, to say that defendants have pleaded conclusions of law and not facts, in the second paragraph of their joint answer. Whether or not Hill was entitled to estimates, was not a conclusion either of law or fact. It was a fact stated in the contract, that engineer Carter should give Hill estimates of his work at the end of each thirty days, during the continuance of the contract. The estimates of the engineer given to Hill, under the contract, were facts and were properly pleaded as such by defendants, without stating the amount and character of the work done by Hill for which such estimates were given. But plaintiff's counsel further claim that such second paragraph of answer was insufficient on demurrer, because it was stipulated in the

contract that, in its execution, the engineer's estimates should
be "final and conclusive." If defendants had alleged noth--
ing more, in such paragraph of answer, than that defendant,
Hill was entitled, at the end of each thirty days, to much
larger estimates for the amount of work done than the esti-
mates given him by engineer Carter, it would seem to us
that this objection of plaintiff's counsel to the sufficiency of
such second paragraph was well taken and ought to be sus-
tained. It was not alleged by defendants that such engineer's
estimates were less than they ought to have been, through
the fraud, incompetency or mistake of the engineer; and, in
the absence of such an allegation, it must be held, we think,
that, under the contract, such estimates were final and con--
clusive as against defendants. But however this may be,
defendants allege much more in the second paragraph of
their answer than that Hill was entitled at the end of each
thirty days to much larger estimates than those given him
by engineer Carter. For defendants alleged and plaintiff,
by its demurrer, admitted that the payments to defendant
Hill, for work done by him under such contract, were in the
aggregate but little more than one-half of the sum actually
due him for his work done. There is no stipulation in the
contract sued upon that the engineer's payments to defend-
ant Hill, for his work done, were "final and conclusive" as
against him or his sureties in such contract. Our conclu-
sion is, that plaintiff's demurrer to the second paragraph of
defendants' joint answer was properly overruled.

Passing over a number of the other errors assigned by plain-
tiff upon the record of this cause, we come now to the con-
sideration of the errors predicated by plaintiff upon the
overruling of its demurrers to the several paragraphs of the
separate cross-complaint of defendant John F. Hill. This
cross-complaint contained three paragraphs. The first para-
graph proceeds upon the theory that plaintiff herein is liable
to him for the damages which he claims that he sustained by
reason of the alleged failure of engineer Carter to give him

such estimates from time to time, for the amount of work done by him, as he states that he was entitled to under his contract to construct the free gravel road mentioned in the complaint herein. These matters are stated by defendant Hill, in the first paragraph of his cross-complaint, substantially as the same matters were pleaded by all the defendants in the second paragraph of their joint answer, the substance of which we have heretofore given. Defendant Hill further alleged in the first paragraph of his cross-complaint, that in June, 1885, he and engineer Carter and plaintiff, by verbal contract, modified the aforesaid written contract by changing the line and course of such road (describing such change); that the consideration received by plaintiff for agreeing to such change and modification of the written contract was, that defendant Hill was to purchase, pay for and have conveyed to plaintiff the real estate over which such road was to run on its new line; that defendant purchased such real estate and paid therefor $150, and had it conveyed to plaintiff; that the engineer established the grade of such new line, and superintended defendant's work generally in the construction thereof; that defendant Hill expended in building said road over such new route as changed, with the knowledge, consent and approval of such engineer and the plaintiff, pursuant to the modification of such contract, the sum of $2,000; that defendant Hill graded the whole line of such road, including such change thereof, built culverts and bridges as provided in such contract, and put the metal on five miles of such road, amounting in all to the sum of $8,000, and had sustained damages in the sum of $2,000 in consequence of being deprived of the benefits of the completion of said work, under such contract. Wherefore, etc.

We are of opinion that the court below clearly erred in overruling plaintiff's demurrer to the first paragraph of the cross-complaint of defendant John F. Hill. It is manifest, from the entire record of this suit, that the contract and bond declared upon by plaintiff were executed under and pursuant

to the laws of this State, which took effect and became in force (1) on March 3d, 1877, and (2) on July 18th, 1885. These two laws, though differing in some particulars, concur in vesting in the political and governmental entity, known as the board of commissioners of each county in the State, with certain well defined and strictly limited functions, powers and duties, administrative and judicial, in connection with the construction of free gravel roads within the territorial limits of such county. These two laws also concur in providing, clearly and unequivocally, that the corporate county shall not be subjected to nor incur any debt, liability or damages by reason or on account of the construction of any such road, or by reason of any act done, or for any failure or omission to act, by the county board, or by the engineer or superintendent in charge of the construction of such road. This conclusion follows of necessity from, and is supported by, several recent decisions of this court, in cases involving the construction of the aforesaid laws for the construction of free gravel roads, and the liability of the corporate county for debts or damages growing out of, or resulting from, acts of commission or omission by the county board, or by the engineer or superintendent, in the construction of such roads. *Strieb* v. *Cox*, 111 Ind. 299 ; *Board, etc.,* v. *Fullen*, 111 Ind. 410 ; *Burton* v. *State, ex rel.,* 111 Ind. 600 ; *Abbett* v. *Board, etc.,* 114 Ind. 61.

It follows, therefore, that the first paragraph of defendant Hill's cross-complaint, the substance of which we have given, proceeds upon a wrong theory, and states facts, which are not sufficient to show that he had, or could have, any valid and subsisting claim or demand against the plaintiff herein.

Without setting out the substance even of the second and third paragraphs of such cross-complaint, we may say generally that they each proceed upon the same theory, and are open to the same objections, as the first paragraph of such cross-complaint.

Plaintiff's demurrers to each paragraph of Hill's cross-complaint were well taken, and ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.

Filed March 22, 1888; petition for a rehearing overruled June 28, 1888.