No. 14,358.

SKEHAN v. RUMMEL.

124 347
158 309
158 542

124 347
f168 600
168 601

CONTRACT.—*Excuse for Non-Performance.*—Where one of the parties to a contract asks its enforcement against the other party, he must be able to show performance on his part, or to offer a legal excuse for his failure to perform.

SAME.—*Account.—Interest.*—One who has delayed for an unreasonable time payment of his account may be properly charged with interest thereon.

From the Madison Circuit Court.

*R. Lake,* for appellant.

*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

BERKSHIRE, C. J.—This was an action upon an open account for merchandise sold and delivered.

The appellant, who was the defendant in the court below, filed an answer in general denial and a counter-claim. To the counter-claim the appellee filed a reply, and the cause being at issue it was submitted to the court for trial, and a finding having been returned for the appellee, over a motion for a new trial, judgment was rendered in accordance with the finding.

The only error assigned is that the trial court erred in overruling the motion for a new trial.

The motion states but two causes for a new trial: 1. The finding is not sustained by sufficient evidence. 2. The finding is contrary to law.

There is no contention that the finding is contrary to law in any other respect than that the court should have reached a different conclusion from the evidence before it, hence there is really but one question before us for consideration, and that is, is there sufficient evidence to support the finding?

After a critical examination of the evidence as we find it in the record, we are led to the conclusion that it is ample to sustain the court's finding.

Conceding that the appellant had a contract such as he

claims with the appellee, in what situation do we find the parties?

The contract was made May 12th, 1882. On that day the appellant ordered four kegs of gunpowder, and received it July 31st, 1882. The price of this shipment was $25. Afterwards he ordered five hundred pounds of Hercules powder, and received it August 8th, 1882. The price of this shipment was $145. Still later he ordered five hundred pounds more of Hercules powder, and, on the 15th of November, 1882, he received five hundred pounds of commercial powder, which he returned May 22d, 1883.

There is nothing in the evidence to show what was a reasonable time in which to make a shipment after receiving the order, and the appellant made no complaint to the appellee because there was not greater promptness in making the shipments. The only complaint or objection which he made was as to the quality of the powder covered by the last shipment.

We are therefore forced to the conclusion that there was no breach of the contract on the appellant's part until he made the last shipment, and then only because he shipped commercial instead of Hercules powder.

By the terms of the contract the appellant was to pay for the powder at the end of sixty days after each shipment; for the shipment July 31st, payment was due September 31st, 1882; and for the shipment August 8th, payment was due October 8th, 1882.

Neither of these bills was paid when this action was commenced, January 11th, 1888.

From what we have said it follows that the appellant first violated the contract, and is not therefore in a condition to enforce it against the appellee.

It is familiar law that where one of the parties to a contract asks its enforcement against the other party thereto, he must be able to show performance on his part, or to offer a legal excuse for his failure to perform.

The appellant having delayed payment for an unreasonable length of time, it was proper for the court to charge him with interest, and after giving him credit for sums paid on account of freights, which we think he was entitled to, the amount for which judgment was rendered is not too great.

We find no error in the record.

Judgment affirmed, with costs.

Filed June 18, 1890.