## Frankel v. The Michigan Mutual Life Insurance Company.

[No. 19,360. Filed February 5, 1902. Rehearing denied April 8, 1902.]

CONTRACTS.—*Principal and Agent.*—*Forfeiture.*—Where a contract between an insurance company and an agent provided that in case the contract of employment should be terminated by either party the agent should receive certain renewal commissions for the term of five years, and contained the further stipulation that upon any violation of its conditions, or upon his failure to remit the company all moneys collected by him the company should have the right to terminate the agreement, and in such case all the rights of the agent under the agreement should be forfeited and the company discharged from every liability to the agent, an answer, in an action by the agent for the renewal commissions, that before the termination of the agreement the agent failed to remit money belonging to the company, collected by him, and appropriated the same to his own use, and for such cause was discharged by the company, constitutes a defense to such action. *pp. 306-309.*

Frankel *v.* Michigan Mut. Life Ins. Co.

PLEADING.—*Exhibits.*—*Reference.*—Where a defense set up in an answer arose out of the instrument sued upon, a copy of which was filed with the complaint, the instrument was before the court, not only for the purposes of the complaint, but equally in aid of an answer, set-off, or counterclaim founded upon it, and it is sufficient in such cases to refer to the exhibit already on file without making an additional copy.  *pp. 309, 310.*

SAME.—*Set-Off.*—An answer to a complaint in an action by an agent against an insurance company for renewal commissions under a contract of employment pleading a set-off to such demand premiums collected by plaintiff and appropriated to his own use is not objectionable as failing to show that the set-off arose out of a debt, duty, or contract held by defendant at the time the suit was commenced, within the meaning of §351 Burns 1901, where the answer averred that the plaintiff collected moneys under the agreement sued upon, which it was his duty to pay over to defendant, but which he wrongfully retained and appropriated to his own use.  *p. 310.*

CONTRACTS.—*Breach.*—*Payment.*—*Demand.*—Where an agreement between an insurance company and its agent provided that the agent should immediately pay over and remit all moneys collected by him, his failure to do so was a breach of his contract, and authorized the company to sue at once without demand.  *p. 310.*

SAME.—*Release.*—*Estoppel.*—Where an agent of an insurance company failed to remit to the company all moneys collected by him, and an examination of the accounts was made and a statement of the amount found to be due made, the company is not bound by such memorandum of settlement where the agent failed to report all sums due from him at the time of settlement.  *pp. 310, 311.*

SAME.—*Payment.*—Where in an action between an insurance company and an agent it appeared that an accounting was had between the parties and a partial payment made by the agent and a memorandum statement made of the balance due, it was competent for the company to show that a supposed payment made to it by the agent by an attempted conveyance of his wife's real estate had been set aside by the judgment of the court.  *p. 312.*

ACTION.—*Consolidation of Causes.*—Actions between an insurance company and an agent involving substantially the same causes of action and the same defenses were properly consolidated, and the fact that the action of the company was also against the sureties on the agent's bond did not constitute an obstacle to the consolidation where the defenses set up by the sureties were not different in any respect from those of the principal.  *pp. 312, 313.*

TRIAL.—*Special Finding.*—In an action by an agent against an insurance company to recover renewal commissions under a contract between the parties, an answer to an interrogatory, "Did the

plaintiff forfeit his contract with the defendant?''   ''No,''—was a mere conclusion, and not the finding of a fact.  *p. 313.*

APPEAL AND ERROR.—*Instructions.*—*When Not in Record.*—*Presumptions.*—A cause will not be reversed on alleged error in giving and refusing to give certain instructions where it does not appear that the record included all of the instructions given.  *pp. 313, 314.*

From Hendricks Circuit Court; *T. J. Cofer*, Judge.

Jacob Frankel brought suit against the Michigan Mutual Life Insurance Company for renewal commissions alleged to be due under a contract.   Thereafter the insurance company brought suit against Frankel for premiums collected by him as agent and not accounted for. The causes were consolidated and the insurance company's action pleaded as a set-off and counterclaim to Frankel's action.   From a judgment for the insurance company on its set-off, Frankel appeals.   *Affirmed.*

*M. E. Clodfelter, H. N. Fine, G. W. Brill* and *G. C. Harvey*, for appellant.

*E. G. Hogate, J. L. Clark, A. H. Wilkinson* and *J. W. Holtzman*, for appellee

DOWLING, J.—In January, 1889, the appellant was employed by the appellee as its agent to manage its business in the State of Indiana.   The contract of employment was in writing, and among its provisions were the following: The appellant was to procure applications for insurance; to collect when due, so far as practicable, when authorized so to do by the appellee, all premiums payable to the appellee; to remit all sums due to the appellee immediately upon collection; in case of his inability to collect premiums on policies and renewal receipts, appellant was to return the same to the appellee; and he was to be governed in all respects by the rules and regulations of the company and its officers.   The appellee was to pay to the appellant commissions on first annual premiums on all business procured by him or his agents according to certain schedules of rates attached to said contract.   It was also provided that the appellee should pay to the appellant a collection fee of

seven and one-half per cent. upon all second and subsequent years' premiums collected by him in cash, and, in case the contract of employment should be terminated by either party, that the appellant should receive the renewal commissions of seven and one-half per cent. before mentioned, for the term of five years, upon each policy. The contract contained the further stipulation that upon any violation of its conditions by the appellant, or upon his failure to remit to the appellee all moneys collected by him, as required by the agreement, or to make any and every report required, the appellee should have the right to terminate the agreement, and that in any such case all the rights of the appellant under the agreement should be forfeited, and the appellee discharged from every liability to him. The term for which the contract was to continue seems otherwise to have been indefinite. On March 23, 1893, a bond, with sureties, was executed by the appellant to the appellee, conditioned for the payment by the appellant to the appellee of all moneys then due or thereafter to become due from the appellant to the appellee on account of any and every kind of employment or service. Another bond of like character was executed by the appellant, with other sureties, March 25, 1893. The appellant remained in the service of the appellee for several years, and shortly before March 15, 1894, an examination of his proceedings and an accounting became necessary. It was discovered that the appellant had collected and had not paid over upwards of $8,000. An arrangement was entered into between the appellant and the appellee by which a portion of this sum was paid, and a further part was supposed to be secured to the appellee. There remained, however, a balance of $2,773.47, which the appellant neither paid nor secured. Thereupon the following agreement was executed: "It is hereby agreed between the Michigan Mutual Life Insurance Company of Detroit, Michigan, and Jacob Frankel, state agent of said company for the State of Indiana, that all of the accounts

of said Frankel have been carefully examined, and it is found by such examination that there is now due and unpaid the sum of $2,773.47 from said Frankel to said company on account of moneys collected by said Frankel for said company, for which he, the said Frankel, had not accounted, and which he has not paid over. The sum is the amount unaccounted for after giving the said Frankel all of the credits of every kind to which he is entitled up to this day. In witness whereof the said parties have hereunto set their hands this 15th day of March, 1894. Jacob Frankel. H. S. Frede, Secy. Mich. Mutual Life Ins. Co."

The appellee retained the appellant in its employment until April, 1895,—a little more than one year after the accounting referred to in the foregoing instrument,—and then discharged him. This action was thereupon brought by the appellant against the appellee, in the superior court of Marion county, to recover damages for alleged breaches of the contract of employment by the appellee. These supposed breaches consisted of (1) the failure of the appellee to pay to the appellant the commissions of seven and one-half per cent. on second and subsequent years' premiums collected by appellant while acting as the agent of the appellee; and (2) the denial by the appellee of the claim of the appellant to such commissions for the term of five years after the termination of his agency. Shortly after the commencement of the action by the appellant against the appellee, the latter brought suit against the former in the said superior court of Marion county. Pleadings were filed in each case, and on the application of the appellant the venue of each cause was changed to Hendricks county. On motion of the appellee, the two actions were consolidated. The issues were made up, and the case was tried by a jury, who returned a general verdict for the appellee, together with answers to certain questions of fact. The appellant moved for judgment in his favor upon the answers to the questions of fact, for a *venire de novo,* and for a new trial, all of

which motions were overruled. Judgment was rendered against the appellant for costs in the action brought by him, and against the appellee for costs in the suit brought by it.

The errors assigned and discussed by counsel for appellant present for review the rulings of the court on demurrers to the pleadings and its decisions on the motions to consolidate the two actions, to render judgment for appellant notwithstanding the verdict, and for a new trial.

The second paragraph of the answer of the insurance company was directed to so much of the complaint as sought the recovery of any sum from the company on account of the seven and one-half per cent. commissions on second and subsequent years' renewals, after the termination of the employment. It alleged, in substance, that, by the terms of the agreement sued upon, it was expressly provided, that, if the appellant should fail to remit to the company money collected by him belonging to the company, then all rights of the appellant under the agreement should be forfeited to the company, and the latter discharged from all liability to said appellant; that, before the termination of the employment, the appellant, as such agent, had collected more than $8,000 belonging to the company; that he concealed this fact from the company; that he failed to remit the sums so collected, but appropriated the same to his own use; and that for this cause he was discharged by the company. No defect in this answer is pointed out, and we are unable to perceive any. If the appellant had himself violated the contract without legal excuse, he could not maintain an action upon it. This paragraph of answer charges that he had so violated it. *Board, etc.,* v. *Hill,* 115 Ind. 316, 327; *Skehan* v. *Rummel,* 124 Ind. 347.

The same facts, substantially, are pleaded in the third paragraph of the answer by way of set-off. The objection that this answer is bad, because it does not set out the agreement of employment, or make a copy of it an exhibit, cannot prevail. A copy of the agreement was filed with the

complaint. It is referred to in the answer, and its execution is admitted. The defense set up arose out of the instrument sued upon, a copy of which was already before the court, not only for the purposes of the complaint, but equally in aid of any answer, set-off, or counterclaim founded upon it. It is sufficient in such cases to refer to the exhibit already on file. Additional copies of the same instrument, filed with the several paragraphs of the answer, would have served no useful purpose, but would have needlessly encumbered the record. *Pattison* v. *Vaughn,* 40 Ind. 253; *Sidener* v. *Davis,* 69 Ind. 336; *Crowder* v. *Reed,* 80 Ind. 1, 4; *Cookerly* v. *Duncan,* 87 Ind. 332; *Gardner* v. *Fisher,* 87 Ind. 369; *Anderson* v. *Wilson,* 100 Ind. 402; *Grubbs* v. *Morris,* 103 Ind. 166; *Wadkins* v. *Hill,* 106 Ind. 543.

Neither is there any force in the suggestion that the answer does not show that the set-off claimed arose out of a debt, duty, or contract held by the appellee at the time the suit was commenced, and that the same matured at or before the time it was offered as a set-off. §351 Burns 1901. The answer expressly avers that the appellant had collected moneys, under the agreement sued upon, which it was his duty to pay over and remit, but which he wrongfully retained, and appropriated, to the amount of $10,000, "for which sum said plaintiff is now indebted to this defendant." The agreement states that the agent shall *immediately* remit all moneys collected by him for the company. The answer shows that the set-off arose from a duty imposed by a contract; that it was held by the appellee at the time the suit was commenced; and that the claim had matured before the time it was offered as a set-off. The demurrer to the third paragraph of the answer was therefore properly overruled.

The fourth paragraph of answer goes to so much of the complaint only as charges the appellee with an indebtedness to the appellant accruing before March 15, 1894,—the date

of the accounting and settlement. The facts stated did not create an estoppel against the appellant, but they did show that on that day an adjustment of the account of the appellant with the appellee took place, and that, by the admission and agreement of the appellant, he had received credit for all sums due him from the company to that date, leaving due from him to the company a balance of $2,773.47. The answer was rather in the nature of a plea of payment than of a defense by estoppel, and, if such was the fact, the appellant had the right to plead and prove that by mistake or oversight items of indebtedness which should have been included in his claim against the appellee were omitted. The court did not err in overruling the demurrer to this paragraph.

The fifth paragraph of the answer, which was a set-off, is objected to for the same reasons urged against the third, and also upon the grounds that no demand for the moneys alleged to have been held by the appellant was averred, and that the appellee cannot dispute the correctness of the amount found to be due upon the accounting of March 15, 1894, while retaining any of the money paid to it under that settlement. No demand before suit was necessary. By the terms of the agreement, it was made the duty of the agent to pay over and remit all moneys collected by him *immediately* after collecting them. His failure to do so was a breach of his contract, and authorized the company to sue at once. *Field* v. *Brown,* 146 Ind. 293; *Cree* v. *Sherfy,* 138 Ind. 354; *Richards* v. *Reeves,* 149 Ind. 427.

It appears from the answer that the appellant did not faithfully account for the moneys collected by him, and that a much larger sum was in fact in his hands, on March 15, 1894, than that reported by him. The memorandum of settlement made on that day did not operate as a release of the appellant from his obligation, as agent, to pay over all moneys in his hands belonging to the appellee, or give him any title to the moneys wrongfully retained by him. Not-

withstanding the accounting and settlement, the appellee had the right to recover from the appellant not only the moneys he then admitted to be due, but all which he had failed to report at the time of the settlement; and it could not be required to return to him that portion of the amount due to it which the appellant paid at the time the pretended accounting was made.

The answer further stated that the appellee, at the time said supposed accounting took place, received from the appellant and his wife a conveyance of certain real estate in part payment of the amount admitted to be due from the appellant to the appellee, but that afterwards appellant's wife recovered a judgment against the appellee setting aside said conveyance on the ground that it was intended as a mortgage to secure a debt due from her husband; that the real estate was her separate property, and that said conveyance was void except as to a preëxisting lien of $3,000, which had been paid out of the proceeds of a mortgage executed by the appellant and his wife to a building and loan association, and which mortgage debt had been assumed by the appellee in the said accounting and settlement. It was competent for the appellee to show that a supposed payment made to it by the appellant had been set aside by the judgment of a court, and thereby rendered unavailing, and to charge the appellant with the amount due to the company at the time the ineffectual payment was made. In our opinion, the fifth paragraph of the answer was sufficient to withstand a demurrer.

The ruling of the court upon the appellant's demurrer to the first paragraph of the reply of the appellee to the answer of the appellant to the cross-complaint of appellee, if erroneous, was harmless, for the reason that the appellee was defeated upon its cross-complaint. The judgment upon this branch of the case was that the appellee take nothing, and that the appellant recover his costs.

The two actions between the appellant and the appellee

pending at the same time in the Hendricks Circuit Court were properly consolidated. They involved substantially the same causes of action and the same defenses, and there was no reason why all the issues should not be tried in a single suit. The circumstance that the action of the insurance company was against the sureties on Frankel's bonds, as well as against him, did not constitute an obstacle to such consolidation. The controversy was between the appellant and the appellee, and the defenses set up by the sureties do not appear to have differed in any respect from those of their principal.

Nothing contained in the answers of the jury to the questions of fact submitted to them authorized a judgment in favor of the appellant. The answers did not cover the issues, and many of them related to the evidence, merely, and not to the ultimate facts of the case. The answer to the question, "Did the plaintiff forfeit his contract with the defendant?" "No,—" was a mere conclusion, and not the finding of a fact.

The motion for a *venire de novo* rests upon the alleged uncertainty of the verdict. The form of the verdict was "We, the jury, find for the defendant." Throughout the proceedings the appellant had been described as the plaintiff, and the appellee as the defendant. There was no motion that the jury be required to make their verdict more certain, and indeed there seems to have been no occasion for any change in it. The appellee was the only party who could have objected to it. Nothing was said in the verdict concerning the cross-complaint of the company, but this did not harm the appellant.

The last question to be determined is whether the court erred in overruling appellant's motion for a new trial. The evidence is not in the record. The sole ground upon which the claim for a new trial is placed is that the court erred in giving and in refusing to give certain instructions. But an examination of the record discloses that, while cer-

tain instructions are set out, it nowhere appears that these were the only instructions given. The transcript was prepared in pursuance of a *precipe* which specifically pointed out what should be included in it. We cannot say that other instructions were not given, covering every point now made by the appellant, and correcting every inaccuracy which may be found in those brought up; and the rule in such cases requires us to presume that this was actually done. The motion for a new trial was correctly overruled.

Finding no error, the judgment is affirmed.

Hadley, J., did not participate.