318    APPELLATE COURT OF INDIANA,

McFarlan Carriage Co. v. Connersville Wagon Co.—49 Ind. App. 318.

## McFarlan Carriage Company v. Connersville Wagon Company.

[No. 7,158.   Filed November 14, 1911.   Rehearing denied January 31, 1912.]

1. CONTRACTS.—*Breach.*—*Damages.*—*Complaint.*—A complaint alleging that the plaintiff contracted for certain goods to be manufactured by defendant, that defendant failed to manufacture them as fast as ordered, that such goods were worth a certain sum in excess of the contract price, and that defendant refused to furnish a certain amount so contracted for, to plaintiff's damage, is on the theory of a recovery for the difference between the market price and the contract price of the goods; and though the complaint alleges generally that there was a delay in furnishing the goods, where the allegations lack certainty no claim for damages can be based thereon.   p. 320.

2. CONTRACTS.—*Breach.*—*Performance by Plaintiff.*—*Complaint.*—A complaint alleging that defendant contracted to deliver to the plaintiff a certain amount of goods during one year, as plaintiff should order them, that the plaintiff duly ordered such goods at intervals, that defendant delayed filling such orders, that the plaintiff failed to settle for the July orders, as required by contract, because the entire order had not been filled, that the defendant in August refused to deliver any more goods, is bad, since it shows nonperformance by the plaintiff.   pp. 321, 323.

3. CONTRACTS.—*Performance.*—*Breach.*—A complaint for the breach of a contract must show that the plaintiff performed the contract, or show an excuse therefor.   p. 322.

4. CONTRACTS.—*Sale of Goods.*—*Settlement.*—A contract for the sale of wheels, "settlement to be rendered on the 5th day of each month for all wheels delivered month previous," requires settlement on the 5th day of each month for all wheels delivered the previous month.   p. 322.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by the McFarlan Carriage Company against the Connersville Wagon Company.   From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*Conner, Conner & Chrisman,* for appellant.
*D. W. McKee, H. L. Frost* and *R. N. Elliott,* for appellee.

MYERS, J.—This was an action by appellant against appellee to recover damages on account of the failure of the latter to furnish a certain number of vehicle wheels, as provided for in a certain written contract.

The amended complaint, answer in three paragraphs, and reply in general denial to the second and third paragraphs of answer, formed the issues submitted to a jury. At the close of the evidence, the court instructed the jury to return a verdict in favor of appellee, which was accordingly done, and judgment was rendered on the verdict.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. All questions discussed by appellant are presented by that assignment. A demurrer to the complaint for want of facts was overruled, and this ruling is assigned as a cross-error by appellee.

The original complaint was filed November 13, 1901, and the contract, dated November 15, 1900, so far as it is material to the decision of the questions here presented, reads as follows:

"This agreement made and entered into, by and between the Connersville Wagon Company, party of the first part, and the McFarlan Carriage Company, party of the second part, witnesseth: Party of the first part hereby agrees to furnish party of the second part 10,000 sets of wheels of their make, deliveries to be made from time to time as party of the second part may direct.

Party of the second part hereby agrees to purchase of the party of the first part such quantity of said 10,000 sets as they may want, minimum quantity to be not less than 5,000 sets, at the following prices and terms:    *    *    *

Terms: Above prices net, settlement to be rendered on the fifth day of each month for all wheels delivered month previous, by note due four months from average date of invoices covering said deliveries, except for such wheels as are delivered prior to January 1, for which settlement is to date from January 1, 1901. All wheels delivered at factory of second party free.

This agreement is null and void after November 15, 1901; or in case of fire or strikes or any other unavoidable cause this agreement is not binding upon either party.''

The complaint, in substance, shows that immediately after making said contract, and from time to time thereafter until September 1, 1901, plaintiff placed with defendant orders for a large portion of said 10,000 sets of wheels, and with each order it designated the grade of wheels it desired; that defendant, after the wheels were ordered, failed to deliver any of them for from six to eight weeks, which was an unreasonable time; that from November 15, 1900, to August 1, 1901, defendant furnished plaintiff on said contract, 6,445½ sets, and during the month of July, 507 sets, leaving orders for 2,000 sets unfurnished; that between the making of said contract and September 1, 1901, plaintiff had use for all of said 10,000 sets of wheels, and would have ordered them, but for the fact that defendant had failed to deliver said 2,000 sets, and had informed plaintiff that it would not furnish any more wheels on its said contract than plaintiff then had ordered, and did not know when it would be able to deliver them; that defendant refused to furnish any wheels on said contract except said 6,445½ sets; that plaintiff made settlement with defendant for the wheels actually delivered, as provided in said contract, except those delivered in July, and on August 5 refused to execute its note for $1,737.86 in settlement for the July delivery, because defendant had failed to deliver said 2,000 sets which should have been delivered during the months of May, June and July; that at the time of the execution of said contract the prices therein named were the fair market value of the wheels of the character and grades therein contracted for, but on May 1, 1901, the price of such wheels increased in value $1.10 a set, which increase in value continued until November 15, 1901; that the 3,554½ sets of wheels that defendant failed and refused to deliver

according to contract were, during all of the time from May 1 to November 15, 1901, worth $1.10 in excess of said contract price, and by reason of defendant's failing and refusing to furnish said 3,554½ sets of wheels plaintiff was damaged in the sum of $3,910.

Applying the rule that leading and principal allegations control the theory of a complaint, it seems to us that this action is to recover the difference between the contract and the market price of the wheels appellee failed to deliver. True, the complaint states that appellee failed to fill the orders of appellant within a reasonable time after their acceptance, but it is not shown with that certainty required by law, or by facts from which it can be certainly said that appellant, by reason of such failure alone, was actually damaged in some amount (1 Sedgwick, Damages [8th ed.] §170) ; hence the complaint cannot be considered as proceeding upon the theory of a failure to deliver wheels within a reasonable time after they were ordered. *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 3 L. R. A. N. S. 709.

The unreasonable time allegations in the complaint were relied on by the pleader to show a breach of the contract, August 1, 1901, on the part of appellee. And as there was evidence tending to show a delay of from two to eight weeks in filling some of appellant's orders, it is argued that such failure constituted an actionable breach of the contract. Granting the full force of appellant's contention, without so deciding, and keeping in mind that this is an action commenced November 13, 1901, for the recovery of damages because of such breach, it is proper and natural to look to the position occupied by appellant with reference to performance of the contract on its part.

It is conceded that appellee, during the month of July, delivered to appellant 507 sets of wheels, for which, under the stipulations of the contract, settlement should have been

made August 5, but which was not then nor thereafter made, or offered to be made, but on the contrary, it refused so to do, assigning as a reason therefor appellee's alleged breach. There is no evidence tending to show appellee's unqualified refusal further to carry out the contract on its part until long after appellant declined to settle for the wheels delivered in July. Ordinarily a refusal which will authorize the rescission of a contract must be an unqualified one, and must be acted on as a breach by the person who has a right to insist upon its performance. *Cutter* v. *Powell,* 2 Smith Lead. Cas. (11th ed.) 1, 33.

If it be conceded that both parties were in default on November 13, 1901, and it affirmatively appearing that this was an action for damages based on appellee's breach, the form of the action presupposes appellant's performance of the contract. This being true, under a familiar rule of law, no recovery can be had without alleging and proving a compliance with the contract on its part, or facts showing a proper excuse for not having performed the contract. *Korbly* v. *Loomis* (1909), 172 Ind. 352; *Collins* v. *Amiss* (1903), 159 Ind. 593, 65 N. E. 906.

Appellant, in order to meet this principle of the law, insists that the obligation of appellant to settle by note on the 5th day of each month for wheels delivered during the prior month is a condition subsequent to the delivery by appellee of all wheels ordered by appellant during the month for which settlement was to be made. This contention calls in review the language of the contract, which provides for settlement on the 5th day of each month for all wheels delivered the month previous, by note due four months from average date of invoices covering said deliveries. It seems to us that the wording of the contract in this particular is not ambiguous or uncertain. It makes no provision whereby appellant was not to settle until all wheels ordered during the month were delivered, but, on the contrary, in clear and unmistakable language fixes the time

and manner of settlement for all wheels delivered. The contract is not subject to the construction appellant seeks to have placed upon it. Therefore, if the stipulation regarding settlement for wheels delivered was not a condition subsequent, appellant, on that ground, would not be relieved from making or offering to make the settlement.

Appellant also, in effect, insists that appellee's failure to deliver the wheels ordered, within a reasonable time before August 1, amounted to a breach of the contract, and thereby it was relieved from thereafter performing or offering to perform its part. In order to sustain this insistence, it would be necessary for us to give the contract a construction which we have already refused to do. Assuming, without deciding, that appellant had a cause of action on August 1, the fact that it did not institute suit until it became bound to perform a certain stipulation in the same contract—settle for wheels delivered in July—the alleged breach and appellant's nonperformance became dependent acts, and neither party could maintain an action on the contract without first performing or tendering performance on its part. *Irwin* v. *Lee* (1870), 34 Ind. 319; *Gillum* v. *Dennis* (1853), 4 Ind. 417; *Ellis* v. *Hubbard* (1853), 4 Ind. 206; *Ireland* v. *Chauncey* (1853), 4 Ind. 224; *Axtel* v. *Chase* (1881), 77 Ind. 74.

Judgment affirmed.