KOKOMO STEEL AND WIRE COMPANY *v.* MACOMBER AND WHYTE ROPE COMPANY.

[No. 10,402. Filed October 7, 1920.]

1. SALES.—*Complaint for Goods Sold and Delivered.—Counterclaim for Breach of Contract of Sale.—Right to Recover on Complaint.*—In an action for the purchase price of goods sold and delivered, wherein defendant seeks by counterclaim to

recoup damages alleged to have resulted from a breach of the contract of sale by the seller's failure to deliver, the plaintiff is entitled to recover on its complaint for the goods delivered regardless of whether it had breached the contract or not.   p. 622.

2.   SALES.—*Action for Breach of Contract by Seller.—Breach by Buyer.*—A buyer who first breached the contract cannot recover thereon for the seller's failure to perform.   p. 622.

3.   SALES.—*Contract.—Conditions as to Time of Payment.— Later Acceptance Not a Waiver as to Future Amounts Due.*— Acceptance of payments after the time stipulated therefor as to goods delivered does not preclude the seller from insisting upon the contract terms of payment as to later deliveries.   p. 623.

4.   SALES.—*Contract.—Provisions for Deferring Shipments and Cancellation.—When Both Available to Seller.*—Provisions for deferring shipments until payment for former shipments had been made, or that the seller might cancel the contract at its option, each month's shipments to be treated as a separate contract, are not necessarily exclusive of one another, and the seller, although it had chosen to defer shipments until payments past due were paid, would be justified finally in canceling the contract where delays in payment continued.   p. 623.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the Kokomo Steel and Wire Company against the Macomber and Whyte Rope Company. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Conrad Wolf* and *Earl B. Barnes,* for appellant.

*Cavanaugh, Barnes & Cavanaugh* and *McClure & Roll,* for appellee.

NICHOLS, J.—Action by appellant against appellee for the purchase price of goods and merchandise sold and delivered by appellant to appellee under a written contract, in the amount of $905.21 with interest.   Counterclaim by appellee alleging damages resulting from appellant's breach of contract for sale and delivery of wire in the sum of $1,000, with demand for recovery.   Answer to counterclaim, breach of contract by appellee, in failing in payments as provided in contract, and termination of contract July 1, 1915.

There was a trial by court with special findings of fact, from which, so far as concerns this opinion, the following facts appear: On December 26, 1914, by the terms of a written agreement, appellant agreed to sell and appellee to purchase from 125 to 150 tons of galvanized wire, shipments to be made prior to July 1, 1915. Each month's shipment was to be treated as a separate and independent contract, but if appellee failed to fulfill terms of payment under this or other contracts, appellant might defer other shipments until payment was made, or appellant might cancel the contract at its option. Specifications for goods covering shipments were to be furnished not less than ten days before time of shipment. The date when the order for the merchandise was placed does not appear in the findings, but they state that the shipment was made *under the contract* August 11, 1915, and the answer to the counterclaim states that the order was dated June 12, 1915. As the order's serial number is below that of orders hereinafter mentioned, which were placed on June 12, 1915, we shall assume that the order was placed before July 1, 1915, being the date of the termination of the contract.

The following orders, placed before July 1, 1915, were not filled by appellant, for failure to fill which appellee claims damages:

April 27, 1915, order No. K-2811, 36,000 pounds.
June 12, 1915, order No. K-2978, 44,000 pounds.
June 12, 1915, order No. K-2979, 47,000 pounds.

Other orders were placed prior to July 1, 1915, and were filled. From the beginning, appellee did not fulfill the terms of the contract by prompt payment of its obligations for merchandise shipped. An invoice, due June 19, 1915, was not paid until June 28, 1915. An invoice due September 5, 1915, was not paid when due. On September 17, 1915, appellant notified appellee that

it would ship another car as soon as this invoice was paid, and appellant repeated this notice on September 22, 1915. On October 5, 1915, appellant notified appellee that it would ship one more car soon after receiving payment for the invoice due September 5, 1915, and that it would cancel the balance of the orders, giving as a reason therefor that appellee had allowed its account to drag along. This invoice was paid October 8, 1915. On October 10, 1915, the shipment sued on became due and, not being paid, appellant notified appellee that it would not ship any more wire, and canceled appellee's orders.

The trial court rightly found that appellant was entitled to recover on its complaint $1,045.51, for goods and merchandise sold, and this regardless of

1. whether it had breached the contract or not. *McKinney* v. *Springer* (1851), 3 Ind. 59; *Wolcott* v. *Yeager* (1858), 11 Ind. 84; *Cleveland, etc., R. Co.* v. *Scott* (1907), 39 Ind. App. 420, 429, 79 N. E. 226; *Cullen-Friestedt Co.* v. *Turley* (1912), 50 Ind. App. 468, 472, 97 N. E. 946.

The controversy in this case is as to appellee's right to recover on its counterclaim. Certainly appellee cannot be heard to say that it had fully performed

2. the contract which was the basis of its counterclaim, when it appears from the findings that from the beginning it failed to make payments promptly as provided in the contract, and when it appears by such findings that it violated the contract by failing to pay, when due, for the invoice sued on in appellant's complaint. Appellee was the first to violate the contract, and, even if it be conceded that appellant was guilty of breach thereof, appellee cannot recover thereon. *Skehan* v. *Rummel* (1890), 124 Ind. 347, 24 N. E. 1089; *Ohio Valley Buggy Co.* v. *Anderson Forging Co.* (1907), 168 Ind. 593, 81 N. E. 574, 11 Ann. Cas. 1045; *Frankel* v. *Michigan, etc., Ins. Co.* (1902), 158 Ind. 304, 62 N. E.

703; *Board, etc.* v. *Hill* (1888), 115 Ind. 316, 16 N. E. 156; *Cullen-Friestedt Co.* v. *Turley, supra; McFarlan Carriage Co.* v. *Connersville Wagon Co.* (1912), 49 Ind. App. 318, 96 N. E. 400; *Cleveland, etc., R. Co.* v. *Scott, supra.*

Appellee contends that appellant waived the condition in the contract requiring appellee to pay the invoices within sixty days by accepting payments thereafter, but we do not so understand the law. The payments were due, the money therefor rightly belonged to appellant, and it had a right to accept it at any time without thereafter being precluded from insisting upon compliance with the terms of the contract. *Ohio Valley Buggy Co.* v. *Anderson Forging Co., supra.*

Appellee further contends that, appellant having elected to exercise its option to defer shipments until terms of payment were complied with, it might not thereafter exercise its right to cancel the contract. We do not so construe the contract. Though it had chosen to defer shipments until payments past due were paid, clearly continued delays in payments would justify it finally in canceling the contract, according to the terms of the contract. There was no right of recovery on the counterclaim. The judgment is reversed, with instructions to the trial court to restate its conclusions of law in harmony with this opinion.