THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. C. F. DRAKE.

EMINENT DOMAIN—*Compensation—Opinions of Witnesses.*  In an action to determine the value of certain town lots condemned for the right-of-way of a railroad, the opinions of witnesses as to the value of the lots at the time they were condemned will not be deemed conclusive, but the jury may consider such opinions in connection with all the other testimony in the case, and then, for itself, determine from all the testimony the value of such lots.

*Error from Bourbon District Court.*

THE facts are stated in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*A. A. Harris,* and *Henry E. Harris,* for defendant in error.

Opinion by GREEN, C.: The plaintiff in error condemned three lots in block 8, of Carroll's plaza, in the city of Fort Scott, in Bourbon county, for railroad purposes.  All the lots were appropriated, and the commissioners awarded as compensation for them $240; the defendant in error appealed from the award; the case was tried in the district court, and the jury returned a verdict in favor of the owner of the lots for the sum of $881.93; a motion for a new trial was overruled, and judgment was entered in accordance with the verdict.

The plaintiff in error contends that the jury disregarded the evidence in arriving at their verdict, and that it is contrary to and unsupported by the evidence.  Six witnesses testified for the plaintiff upon the trial in the district court, that the lots were worth $1,500.  Five witnesses in behalf of the defendant below fixed the value of the lots at from $240 to $375.  There was no evidence from any witness fixing the value of the property at the amount returned by the jury. The defendant below requested the court to permit the jury

to view the premises, but this request was denied. It is claimed that the verdict. is neither in accord with the plaintiff's nor defendant's witnesses, and hence is unsupported by any evidence.

It was the particular province of the jury to determine the value of the lots. Their value was purely a question of fact, to be determined from all of the evidence before them. They had the testimony of the witnesses upon the part of the plaintiff and defendant, giving their opinions as to the value of these lots. There was evidence, too, of the location and condition of the lots, as well as the purposes for which they might be utilized. The testimony as to the value of the property condemned was opinion evidence. The witnesses gave their best judgment as to the value of the lots, and this evidence depended upon a knowledge of the value of real estate at the time the property was taken. Now, an opinion as to the value of a piece of property is not, strictly speaking, a fact, but is received in evidence upon the same principle as that on which the opinions of experts are admitted. In a well-considered case, decided by the supreme court of the United States, Mr. Justice Field observed:

"The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed, and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry." (*Head v. Hargrave,* 105 U. S. 45.)

The same court quotes approvingly the case of *Anthony v. Stinson,* 4 Kas. 211, where this court said that the jury were

not to be instructed as to what part of the testimony before them should control their verdict; that, in order to control it, the testimony of experts should be of such a character as to outweigh, by its intrinsic force and probability, all conflicting testimony; and that they could not be required to accept as a matter of law the conclusions of the witnesses, instead of their own. In a recent case this court has said that a court or jury trying the question of the value of legal services is not bound to accept as conclusive the opinions given by attorneys respecting the value of certain services; and that such opinions are only to be considered in connection with other testimony in the case, in the light of which and of its own general knowledge the court or jury should, for itself, determine the value. (*Bentley v. Brown*, 37 Kas. 14.) In *Patterson v. Boston*, 20 Pick. 166, the question was as to the damages to be awarded to the plaintiff for his property taken to widen a street in Boston. The trial court instructed the jury that, in estimating the amount of the damages, if any of them knew, of his own knowledge, any material fact that bore upon the issue, he ought to disclose it and be sworn, and communicate it to his fellows in open court in the presence of the parties; but that, in making up their verdict, they might rightfully be influenced by their general knowledge on such subjects, as well as by the testimony and opinions of witnesses. The case being taken to the supreme court of the state, it was held that the directions were not open to exception. Said Chief Justice Shaw, speaking for the court:

"Juries would be very little fit for the high and responsible office to which they are called, especially to make an appraisement, if they might not avail themselves of those powers of their minds when they are most necessary to the performance of their duties."

In *Murdock v. Summer*, 22 Pick. 158, the same court, speaking through the same distinguished judge, said that "the jury very properly exercise their own judgment and apply their own knowledge and experience in regard to the general subject of inquiry." In that case, a witness had testified as to

the quality, condition and cost of certain goods, and given his opinion as to their worth; and the court said that "the jury were not bound by the opinion of the witness; they might have taken the facts testified by him as to the cost, quality and condition of the goods, and come to a different opinion as to their value." (Lawson, Exp. Ev. 68.) The jury are to decide what weight, if any, shall be given to the opinions or evidence of an expert, or to the opinion of a non-professional witness. They are not bound by such evidence, and may exercise their own experience in deciding the question touching which the opinions were given. (7 Am. & Eng. Encyc. of Law, 516; *A. T. & S. F. Rld. Co. v. Thul*, 32 Kas. 255; *Davis v. The State*, 35 Ind. 496; *Rose v. Spies*, 44 Mo. 20.)

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.