## CHICAGO, INDIANA & EASTERN RAILWAY COMPANY *v.* WYSOR LAND COMPANY.

[No. 20,251.    Filed January 14, 1904.    Rehearing denied July 1, 1904.]

APPEAL AND ERROR.—*Failure to Set Out Record in Brief.—Supreme Court Rules.—Harmless Error.*—Where the appellant fails to set out in his brief the part of the record relied upon for reversal as required by clause five, rule twenty-two, the court will consider the error as waived, but where the appellee's brief does set out such record, it will be considered, as the purpose of the rule is accomplished. *p. 289.*

EMINENT DOMAIN.—*Assessment of Damages.—Exceptions to Award.—Jury Trial.*—Where exceptions are filed to an award of damages by the appraisers in a railroad condemnation proceeding, and such exceptions do not go to any irregularity in the proceedings of such award, but relate only to the amount of damages, a new appraisement will not be ordered, but either party may demand a trial by jury. *p. 290.*

SAME.—*Evidence.—Opinion as to Amount of Damage.*—A witness can not give his opinion of the amount of damage in a railroad right of way condemnation proceeding, but may state the value of the property before and after the location of the railway, and where the law excludes benefits from being taken into consideration, as in Indiana, the error, in not fixing the value of such property after appropriation of such way by excluding any benefits to such property, is in favor of such railroad company, and it has no cause for complaint. *pp. 290, 291.*

SAME.—*Damages.—How Fixed.—Evidence.*—Evidence of the value of lands before and after the appropriation of a railroad right of way is not the only way to arrive at the damages in such case, but all the evidence must be considered which bears upon the question. *p. 292.*

APPEAL AND ERROR.—*Instructions.—How Brought into Record.*—Where the record shows that the instructions given and those tendered and refused in a cause were not filed as required by §542 Burns 1901, nor brought into the record by bill of exceptions, they are not in the record. *p. 292.*

SAME.—*Instructions.—How Shown by Record.*—Where the record fails to show that it contains all of the instructions given in the case, no question as to those given or refused is presented. *p. 293.*

EVIDENCE.—*Weight of.*—The Supreme Court will not weigh the evidence where there is any to support the judgment. *p. 293.*

APPEAL AND ERROR.—*Insufficient Brief.—Supreme Court Rules.*—Where those parts of the record relied upon are not set out, nor a concise statement given in the appellant's brief, as required by rule twenty-two, clause five, no question thereon is presented. *pp. 293, 294.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by the Chicago, Indiana & Eastern Railway Company for the condemnation of a right of way. To the award of the appraisers the Wysor Land Company filed exceptions. From a judgment for such exceptor, on a verdict of a jury, the railway company appeals. Transferred from Appellate Court under §1337u Burns 1901. *Affirmed.*

*James Bingham* and *Jesse Long*, for appellant.

*White & Young, Rollin Warner* and *A. W. Brady,* for appellee.

MONKS, J.—Appellant filed an instrument of appropriation in the court below, and sought to appropriate for its right of way certain real estate owned by appellee. Appraisers were appointed who made and filed their award. Appellee, within the time allowed, filed written exceptions in the clerk's office, claiming that the damages awarded were inadequate. The court overruled appellant's demurrer for want of facts to appellee's third exception. A trial of said cause by a jury resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

It is insisted by appellant that the court erred in overruling its demurrer to the third paragraph of exceptions. Appellant has failed to set out said paragraph or the substance thereof in its brief as required by clause five of rule twenty-two, but as the same is given in full in appellee's brief, the defect in appellant's brief is harmless, because we can determine said question from an examination of the briefs. The third paragraph of exceptions alleged, in substance, that certain described lots, in addition to those mentioned in the instrument of appropriation, were appropriated in whole or in part by the strip of land described in such instrument. The same was clearly sufficient to withstand the demurrer for want of facts. If there were other allegations which were insufficient or improper, the remedy was by a motion to strike out, or objections to any evidence in support thereof.

It is next insisted by appellant that the court erred in submitting the question of damages to a jury. If the exceptions filed to an award in such a case as this go to the regularity of the proceeding and are sustained, a new appraisement will be ordered, to which exception may be filed the same as to the first award. But if the exceptions go only to the amount of damages, this court has uniformly held that either party may demand and have a jury trial. *Louisville, etc., R. Co.* v. *Dryden* (1872), 39 Ind. 393, 395; *Lake Erie, etc., R. Co.* v. *Heath* (1857), 9 Ind. 558, and cases cited; *Hughes* v. *Lake Erie, etc., R. Co.* (1863), 21 Ind. 175, 176; *Barrett* v. *Carthage Turnpike Co.* (1861), 16 Ind. 105, 106; *Piper* v. *Connersville, etc., R. Co.* (1859), 12 Ind. 400, 403; *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205, 218; Woollen, Special Proc., §266. It has been the uniform practice of the trial courts to submit the question of damages to a jury. *Ohio Valley R., etc., Co.* v. *Kerth* (1892), 130 Ind. 314; *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514; *Chicago, etc., R. Co.* v. *Curless* (1901), 27 Ind. App. 306.

At the trial of said cause witnesses on behalf of appellee were permitted by the court, over objection of appellant, to give their opinion as to the value of each lot before the right of way over the same was appropriated by appellant and the value after the appropriation. Appellant insists that the admission of evidence as to the value of said lots after the appropriation was to permit the witness to give his opinion of the damages done by the construction of the road, and further that such evidence is expressly prohibited by the statute in such cases, which provides that "no deduction shall be made for any benefit that may be supposed to result to the owner from the contemplated work." There has been some confusion in the cases in this State on this subject. It has been uniformly held, however, that it was error to permit a witness to give an opinion as to the amount of damages. *Yost* v. *Conroy* (1883), 92 Ind.

464, 465, 47 Am. Rep. 156, and cases cited. In *Hagaman* v. *Moore* (1882), 84 Ind. 496, a proceeding to establish a public highway, it was held that opinions of witnesses were not admissible to show the values of the land across which the road was to be located, "with, and without the road." This case was expressly disapproved on this question in *Yost* v. *Conroy, supra.* It was held in said case, pages 468-470, that when there is no law excluding benefits from consideration in estimating damages, or when the question is one affecting the right to assess benefits as in highway and ditch cases, a witness may state his opinion of the value of the land without the proposed ditch or highway, and what its value would be with the highway or drain.

It would seem, therefore, that in cases where the law excludes benefits from consideration in estimating damages, as in railroad appropriation cases, the witness may testify as to the value of the property without the railroad, and the value with the railroad, not taking into account any supposed benefit the road, when constructed, would be to the land. Under this rule, however, appellant can not complain of the action of the court, for the reason that, if the witness did not, in his opinion of the value after the appropriation, exclude the supposed benefits, the party injured thereby was the appellee, not the appellant. If any supposed benefits were considered by the witness, the value after the appropriation would be greater than if benefits were excluded. Appellee might be injured by such evidence, but not appellant. In the following railroad appropriation cases the method of proving damages approved in *Yost* v. *Conroy, supra,* that a qualified witness may be asked his opinion of the value of the land a part of which is appropriated, before and after the appropriation, was adopted by the trial court, and the same were not reversed. *Evansville, etc., R. Co.* v. *Fettig* (1891), 130 Ind. 61, 63; *Ohio Valley, etc., R. Co.* v. *Kerth, supra; Evansville, etc., R. Co.* v. *Swift* (1891), 128 Ind. 34.

The values of the lands before and after the appropriation were facts which the jury were authorized to consider in determining the amount of damages. This is not, however, the only mode of showing the amount of the damage sustained by the location of a railroad. In assessing the amount of damages the jury are not required as a matter of law to accept the opinion of witnesses as to value, but must exercise their own judgment in determining that question, as well as the amount of the damages after considering all the evidence in the cause which may throw any light on that subject. *Patterson* v. *City of Boston* (1838), 20 Pick. (Mass.) 159, 166; *Murdock* v. *Sumner* (1839), 22 Pick. (Mass.) 156, 158; *Chicago, etc., R. Co.* v. *Drake* (1891), 46 Kan. 568, 26 Pac. 1039; *Kansas, etc., R. Co.* v. *Ryan* (1892), 49 Kan. 1, 16, 30 Pac. 108; *The Conquerer* (1896), 166 U. S. 110, 131-133, 17 Sup. Ct. 510, 41 L. Ed. 937; *Head* v. *Hargrave* (1881), 105 U. S. 45, 26 L. Ed. 1028, 14 Cent. L. J. 388; *City of Kansas* v. *Butterfield* (1886), 89 Mo. 646, 1 S. W. 831; *Johnson* v. *Chicago, etc., R. Co.* (1887), 37 Minn. 519, 521, 35 N. W. 438; *McReynolds* v. *Burlington, etc., R. Co.* (1883), 106 Ill. 152, 155-156; *Louisville, etc., R. Co.* v. *Mason* (1883), 79 Tenn. 116, 120-124; *Humphries* v. *Johnson* (1863), 20 Ind. 190; *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399.

It is contended by appellant that the court erred in giving and in refusing to give certain instructions. Appellee insists that no question involving the instructions is presented, because (1) they are not properly in the record, and (2) it is not shown by the record that it contains all the instructions given. The instructions tendered and those given were not brought into the record by a bill of exceptions. As the record does not show that the instructions tendered were filed as required by subdivision six of §542 Burns 1901, §533 R. S. 1881 and Horner 1901, or made a part of the record by order of court, they are not in

the record, and can not be considered. *Riley v. Allen* (1900), 154 Ind. 176, and cases cited; *Thompson* v. *Thompson* (1901), 156 Ind. 276; 2 Woollen, Trial Proc., 928; Ewbank's Manual, §28. Conceding, without deciding, that the record shows the instructions given were properly filed, as it does not show that it contains all the instructions given, no question concerning instructions given or refused is presented for decision. *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406; *Board, etc., v. Gibson* (1902), 158 Ind. 471, 489, 490; *State* v. *Winstandley* (1898), 151 Ind. 495, and cases cited; *Barton* v. *State* (1900), 154 Ind. 670, 671.

Appellant insists that the amount recovered was too large, and that the verdict is not sustained by sufficient evidence, and is contrary to law. There was a conflict in the testimony as to the value of the real estate before and after the appropriation, but there is evidence which supports the amount of damages assessed. We could not, therefore, disturb the verdict without weighing the evidence, which we have no power to do.

Several other rulings of the trial court were assigned as causes for a new trial and argued in appellant's brief, but neither the part of the record necessary fully to present the error relied upon nor a concise statement thereof is set forth in appellant's brief, as required by clause five of rule twenty-two of this court. Under rule twenty-six of this court, in force until November 26, 1900, when the new rules took effect, it was uniformly held that when a party failed to comply with said rule by citing the pages and lines of the record showing the ruling of the court claimed to be erroneous, he waived the error, if any was committed, and the court would not search the record therefor. *Siberry* v. *State* (1896), 149 Ind. 684, 689; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 306, and cases cited; *State* v. *Winstandley, supra,* and cases cited; Ewbank's Manual, §183; Elliott, App. Proc., §440; Remy's

Indiana Digest, §§490-492, pp. 55, 56. Rule twenty-two, among other things, requires that a succinct statement of the record, fully presenting every error and exception ruled upon, shall be set forth in the brief of the complaining party, referring to the pages and lines of the transcript. This court, following the cases above cited, has held that said rule twenty-two requires that the briefs be so prepared that all the questions presented by the assignment of errors can be determined from an examination of the briefs without looking at the record, and that to the extent said rule is complied with the errors assigned will be determined and the others will be considered waived. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, 559; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701. We have, however, examined the record as to said questions, and, after a careful consideration thereof, find that the same does not show that any reversible error was committed against appellant.

Judgment affirmed.