# INDIANAPOLIS TRACTION AND TERMINAL COMPANY v. GILLASPY.

[No. 8,303. Filed May 21, 1914.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Causes assigned in the motion for a new trial will be deemed waived on appeal, where appellant fails to mention or refer to them in the briefs. p. 333.

2. APPEAL.— *Questions Reviewable.— Instructions.— Record.—* Instructions requested by the parties are not in the record on appeal under §561 Burns 1914, Acts 1907 p. 652, where there was no memorandum at the close of same signed by the judge and indicating the numbers of those given and those refused, nor is such omission cured by the fact that the order book entry shows the instructions given and those refused, but a substantial compliance with the statute is required in order to make them a part of the record. p. 333.

3. APPEAL.—*Questions Reviewable.—Instructions.*—Error urged on instructions given by the court on its own motion, even if properly in the record, will not be considered on appeal, where the instructions tendered by the parties are not in the record, since in such case the presumption is indulged that the error, if any, was obviated or cured by the absent instructions. p. 334.

4. EVIDENCE.—*Admissibility.—Pain and Suffering.*—Complaints of present existing pain and suffering after commencement of suit, as well as before, and which are a result of the injury complained of, are admissible in an action for personal injuries. p. 335.

5. PLEADING.— *Complaint.— Admissibility of Evidence.— Pain and Suffering.*—The averments of a complaint for personal injuries, that plaintiff was injured inwardly, that his internal organs were mashed and bruised, causing him to spit blood for several days, and causing him to have hemorrhages of the lungs, etc., were sufficiently broad to admit evidence of complaints of pain and suffering endured after the complaint was filed. p. 336.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Franklin P. Gillaspy against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. Latta, S. C. Kivitt* and *M. E. Foley,* for appellant.
*Harry DeFrates, Bailey & Young* and *E. W. Brickert,* for appellee.

HOTTEL, J.—Appellant appeals from a judgment obtained by appellee for personal injuries alleged to have resulted from his being struck by one of appellant's street cars on Russell Avenue in the city of Indianapolis. The complaint was originally filed in the Marion Superior Court. The case was afterwards venued to the Morgan Circuit Court, where a trial by jury resulted in a verdict for appellee in the sum of $1,500.

The only error assigned and relied on for reversal is the overruling of appellant's motion for a new trial. The first three grounds of this motion, while not expressly waived by appellant, will be so treated, because they are not mentioned or referred to in its points and authorities. *Owen* v. *Harriott* (1911), 47 Ind. App. 359, 361, 94 N. E. 591, and cases cited. Grounds four to eighteen inclusive of such motion relate to the giving or refusal to give instructions. It is earnestly insisted by appellee that none of these grounds can be considered for the reason that the instructions are not all in the record. Apparently it was sought to make the instructions a part of the record under the provisions of §561 Burns 1914, Acts 1907 p. 652. It appears that the respective instructions requested by the parties contained at the close no memorandum signed by the judge indicating "the numbers of those given and of those refused" as required by the provisions of such statute. It is not contended that the instructions are brought into the record by reason of any other statute, and appellant in effect admits that the instructions requested by the respective parties are subject to the infirmity indicated, but insists that the objection on account thereof is purely technical and that inasmuch as the order book entry shows that the court refused to give

334    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Gillaspy—56 Ind. App. 332.

certain instructions, naming them, and gave certain other instructions naming them, that this sufficiently indicates that the court performed every act required by the statute and that in view of such record entry it must be presumed, in the absence of some affirmative showing to the contrary, that the court performed its judicial acts in such respect in accordance with the statute. The order book entry can not supply the omission of the memorandum of the identification of instructions given and refused which, under the plain provisions of the statute must appear at the close of the instructions requested by either party and which memorandum must be authenticated by the signature of the trial judge. *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 489, 490, 63 N. E. 982. This court has held that the provisions of the statute in question set forth clearly and explicitly the manner in which instructions given and refused become a part of the record in a cause and how they shall be identified and authenticated and that before the instructions in a cause can be made a part of the record and exceptions saved under the foregoing section there must be a substantial compliance with all the provisions thereof. *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 508, 87 N. E. 1057; *Wiseman* v. *Gouldsberry* (1910), 45 Ind. App. 677, 678, 91 N. E. 616; *Patterson* v. *State Bank, etc.* (1914), 55 Ind. App. 331, 102 N. E. 880; *Baker* v. *Gowland* (1906), 37 Ind. App. 364, 76 N. E. 1027; *Mace* v. *Clark* (1908), 42 Ind. App. 506, 85 N. E. 1049.

Appellant also insists that if the court should determine that the instructions tendered by appellant and appellee are not in the record yet the court's instructions given on its own motion are in the record and hence any questions presented on such instructions must be 3. considered. The decided cases of the Supreme Court and this court are against this contention, the holding in such cases being to the effect that where all of the instructions are not in the record no question is presented by the giving

NOVEMBER TERM, 1913. 335

Indianapolis Traction, etc., Co. *v.* Gillaspy—56 Ind. App. 332.

or refusal to give any of those which the record does contain. This is so because this court assumes, in favor of the trial court, that the erroneous instructions appearing among those in the record might have been withdrawn by one of the absent instructions and that such absent instructions might also have supplied the essentials of any refused instructions. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 292, 293, 69 N. E. 546, and cases cited; *Frankel* v. *Michigan Mut. Life Ins. Co.* (1902), 158 Ind. 304, 314, 62 N. E. 703; *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406, 69 N. E. 138; *Board, etc.* v. *Gibson, supra.* It follows from the authorities herein cited that the record in this case presents no question relating to the instructions given or refused and for this reason we have not examined them with a view of determining whether the giving or refusing to give any of them presents reversible error, but we deem it proper to say in this connection that it appears from the briefs in the case, and from the return to a writ of certiorari issued at appellee's request, since the filing of appellant's briefs, that the omissions and infirmities in those instructions against which appellant has directed most of its attack in its brief have in the main been obviated and cured by the return of such writ.

Appellant under its points and authorities next complains of the admission of certain evidence relating to ''complaints of his lungs and breathing on the part of the plain-4. tiff, occurring after the filing of the complaint in this cause and refused to limit the evidence as to plaintiff's complaints and alleged suffering to the ·period before the complaint was filed.'' The authorities cited and relied on by appellant are all those of other states. It seems to be the settled law of this State that complaints of pain and suffering after commencement of suit, as well as before, may be admitted in evidence. Such complaint must of course, in either case, relate to present existing pain and suffering and must be connected with and result from the

injury complained of. *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 268, 272, 3 N. E. 836, 54 Am. Rep. 312, and cases cited; *Chicago, etc., R. Co.* v. *Spilker* (1893), 134 Ind. 380, 391, 33 N. E. 280, 34 N. E. 218; *Cleveland, etc., R. Co.* v. *Prewitt* (1893), 134 Ind. 557, 562, 33 N. E. 367. To the same effect see, 7 Ency. Ev. 393, note 62 and cases cited.

It is suggested that the averments of the complaint were not sufficiently broad to admit the proof. The injuries averred in the complaint among others were that the appellee was injured inwardly, that his internal organs were mashed and bruised, causing him to spit blood for several days, and causing him to have hemorrhages of the lungs; that by reason of these injuries he was damaged, etc. These averments were sufficiently broad to admit the evidence objected to. In view of them it was not necessary, in order to make such proof competent, that the complaint should have averred that the injury to the lungs was permanent or that the appellee suffered pain therefrom. Such averments were sufficient to suggest to the appellant that it might anticipate the offer of such evidence. *Terre Haute, etc., R. Co.* v. *Holcomb* (1894), 9 Ind. App. 198, 202, 36 N. E. 39, and cases cited.

We find no available error in the record and the judgment of the trial court is therefore affirmed.

NOTE.—Reported in 105 N. E. 242. As to how to obtain instructions and to have reviewed errors in giving or refusing them, see 99 Am. Dec. 118. As to the admissibility of expressions or statements of present pain made during sickness or subsequent to injury, see 24 L. R. A. (N. S.) 253; 15 Ann. Cas. 799. See, also, under (1) 3 Cyc. 388; (2) 2 Cyc. 1066; (3) 3 Cyc. 170, 303; (4) 16 Cyc. 1164; 13 Cyc. 200; (5) 31 Cyc. 682.