## HAMMOND, WHITING AND EAST CHICAGO RAILWAY COMPANY *v.* KASPER.

[No. 9,787.   Filed May 28, 1919.   Rehearing Denied November 7, 1919.]

1. APPEAL.—*Briefs.*—*Omissions.*—*Reply Brief.*—A reply brief filed more than sixty days after submission cannot perform the office of a supplemental brief nor supply omissions in the original brief.   p. 329.

2. APPEAL.—*Instructions.*—*Presumptions.*—*Briefs.*—Where it does not appear from appellant's brief to the contrary, it will be presumed that the court withdrew or corrected any erroneous instructions therein shown to have been given, and that the court covered such instructions as are therein shown to have been refused and upon which appellant predicates error.   p. 330.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Fred Kasper against the Hammond, Whiting and East Chicago Railway Company.   From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Peter Crumpacker, F. C. Crumpacker* and *Edwin H. Friedrich,* for appellant.

*W. J. Whinery,* for appellee.

NICHOLS, P. J.—This action was by the appellee against the appellant, in the Lake Circuit Court, to

recover damages for personal injuries alleged to have been sustained by appellee as a result of a collision between an automobile truck, which he was driving on a public street in the city of Hammond, Lake county, Indiana, and one of appellant's street cars running upon said street. The case was tried by a jury in said court, and resulted in a verdict for appellee in the sum of $500. The only error assigned for reversal which is discussed is the overruling of appellant's motion for a new trial. Under this assignment, appellant complains of certain instructions given by the court on his own motion, and his refusal to give certain instructions tendered by the appellant.

It appears by appellant's brief, which we assume to be a correct statement of the record, which we do not search, that appellant tendered its written instructions numbered 1 to 15, and requested the court to give the same to the jury, and that each and all of said instructions were refused, to which refusal as to each appellant excepted, and that the court of its own motion gave certain instructions to the jury, numbered 1 to 23, inclusive, to the giving of which the appellant at the time separately excepted. It does not appear by the appellant's brief whether other instructions were tendered, or whether other instructions were given. We are informed by appellee's brief that certain instructions were tendered by appellee, but whether they were given or refused appellee does not inform us. Appellant, after having its attention called to this omission, by the appellee, does not amend its original brief, but undertakes to make the correction in its reply brief. The reply brief was filed more than sixty days after the submission of the case and cannot, therefore, perform

the office of a supplemental brief, nor supply omissions in the original brief. *Albaugh Bros., etc., Co. v. Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *Gates v. Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 341, 56 N. E. 722.

It is the duty of this court to indulge all reasonable presumptions in favor of the trial court, and, it not appearing that the above-mentioned instructions were all of the instructions tendered or given, we must presume that there were others. So presuming, we must further presume that such instructions corrected any deficiencies or inaccuracies in the instructions given, or that the court thereby withdrew such erroneous instructions as could not be corrected; and that they covered such instructions as were refused, and upon which appellant predicates error. *State v. Winstandley* (1898), 151 Ind. 495, 51 N. E. 1054; *Board, etc. v. Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Frankel v. Michigan Mut. Life Ins. Co.* (1902), 158 Ind. 304, 72 N. E. 703; *Board, etc. v. Nichols* (1894), 139 Ind. 611, 619, 38 N. E. 526; *Lake Erie, etc., R. Co. v. Holland* (1904), 162 Ind. 406, 69 N. E. 138, 63 L. R. A. 948; *Chicago, etc., R. Co. v. Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E. 546; *Indianapolis Traction, etc., Co. v. Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Pence v. Waugh* (1893), 135 Ind. 143, 34 N. E. 860; *Barton v. State* (1900), 154 Ind. 670, 57 N. E. 515.

There is no available error. The judgment is affirmed.

McMahan, J., not participating.