HART ET AL. *v.* WILLIAMS, ADMINISTRATRIX.

[No. 11,180. Filed January 31, 1922.]

APPEAL. — *Presenting Questions for Review.* — *Instructions.* — Where instructions given and refused were not made part of the record by a bill of exceptions, and, although they were ordered filed and made part of the record, there is nothing in the record showing that the instructions set out therein were all of those given, no question is presented for review on appeal as to the instructions.

From Dubois Circuit Court; *John F. Dillon,* Judge.

Action by Sallie Williams, administratrix of the estate of Will Williams, deceased, against Bertram W. Hart and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*U. W. Youngblood* and *C. J. Lindsey,* for appellants.

*William E. Cox, Robert Armstrong* and *James W. Davis,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages for the death of her husband alleged to have been caused by defendants in negligently and forcibly removing her husband from his home at a time when he was sick and confined to his bed.

There was a verdict and judgment for appellee. Appellants' motion for a new trial being overruled, they bring this appeal and contend that the court erred in overruling said motion.

Appellants' first contention is that the court erred in giving and in refusing to give certain instructions. Appellee calls attention to the fact that the instructions given and refused were not made part of the record by

a bill of exceptions, and that, while such instructions were ordered filed and made a part of the record, there is nothing in the record showing that the instructions set out in the record are all of the instructions that were given. This contention of appellee is well taken. No question is therefore presented as to the correctness of the giving or the refusal to give instructions. *State* v. *Winstandley* (1898), 151 Ind. 495, 51 N. E. 1054; *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122, 69 N. E. 415; *Hammond, etc., R. Co.* v. *Kasper* (1919), 71 Ind. App. 328, 123 N. E. 360.

The only other specifications in the motion for a new trial which present any question for our consideration are: (1) That the verdict is not sustained by sufficient evidence; (2) that damages assessed are excessive. No good purpose can be subserved by setting out the evidence or entering into a discussion of the same. It is ample to sustain the verdict. The amount of damages allowed, $500, does not appeal to us as being excessive.

Judgment affirmed.