BOUGHER, EXECUTRIX, *v.* STRAUSS BROTHERS COMPANY ET. AL.

[No. 12,341. Filed May 10, 1929. Rehearing denied June 20, 1929.]

*Eggeman, Reed & Cleland, E. K. Strong* and *James P. Murphy*, for appellant.

*Leonard, Rose & Zollars, Whiteleather & Bloom, Robert R. McNagney* and *Phil M. McNagney*, for appellees.

NICHOLS, J.—Claim in two paragraphs filed in the Allen Circuit Court by appellees for damages, wherein it was charged by appellees that appellant unlawfully held over the possession of certain real estate, the property of appellees, after the expiration of the term stated in the lease between appellant's decedent and appellees. Said cause was venued to Whitley county and Honorable Howard L. Townsend was appointed special judge.

The cause was submitted to a jury for trial, which resulted in a verdict for appellees in the sum of $7,951.50, upon which the court rendered judgment in favor of appellees against appellant.

The error assigned for reversal is the court's action in overruling appellant's motion for a new trial, under which she concedes that she has only presented questions as to the court's action as to the instructions.

The instructions, the action of the court as to which is challenged, were not made a part of the record by a bill of exceptions. After the jury's return of the verdict, the following entry appears in appellant's statement of the record: "It is ordered by the court that all instructions *tendered*, whether given or refused, are ordered filed and are now filed herein in the following words and figures to wit." (Our italics.) Then follow two sets of instructions, one tendered by appellees and the other by appellant. It readily appears by this statement that

the only instructions filed were those tendered. It does not appear whether others were given. Appellees contend that before any error can be predicated upon giving or refusing instructions, it must affirmatively appear that all the instructions given are in the record, citing to sustain their contention, with other cases, *Hart* v. *Williams* (1922), 77 Ind. App. 454, 455, 133 N. E. 885; *Hammond, etc., R. Co.* v. *Kasper* (1919), 71 Ind. App. 328, 330, 123 N. E. 360; *Welch* v. *State* (1924), 195 Ind. 87, 90, 143 N. E. 354; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 69 N. E. 546.

In the Hart case this court stated: "Appellee calls attention to the fact that the instructions given and refused were not made a part of the record by a bill of exceptions, and that, while such instructions were ordered filed and made a part of the record, there is nothing in the record showing that the instructions set out in the record are all of the instructions that were given. This contention of appellee is well taken. No question is therefore presented as to the correctness of the giving or refusal to give instructions," citing numerous cases to sustain the holding.

It nowhere appears that the instructions, either of appellees or of appellant, were tendered before the argument began, and appellees contend that before the refusal to give tendered instructions can be reviewed, the record must affirmatively disclose that they were tendered before the argument began, and, in the absence of such a showing, it will be presumed that they were refused because they were tendered too late, if such a presumption is necessary to sustain the judgment, citing to sustain their contention, with numerous other authorities, *Folson* v. *Bottolph* (1924), 82 Ind. App. 283, 306, 143 N. E. 258, wherein this court stated: "But in order to reverse the action of the trial court in refusing to give instructions, the record must show that the re-

quest was made before the commencement of the argument to the jury.   We cannot look to statements in the request to determine when it was made, especially when the record fails to show when it was filed. . . . There being no affirmative showing that appellants tendered the instructions and requested their giving before the commencement of the argument, it will be presumed that they were not tendered in time."

These failures properly to present errors as to the instructions are sufficient to preclude their consideration.

Judgment affirmed.