No. 39,850

BENJAMIN DENMAN, *Appellee* and *Cross-Appellant,* v. COLORADO INTERSTATE GAS COMPANY, *Appellant* and *Cross-Appellee.*

(294 P. 2d 207)

Opinion filed February 29, 1956.

*Shelley Graybill,* of Elkhart, argued the cause and was on the briefs for the appellant and cross-appellee.

*A. E. Kramer,* of Hugoton, argued the cause and *Bernard E. Nordling,* of Hugoton, was with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding to condemn a right-of-way across a quarter section of land for a gas pipe line. Appraisers were appointed and made an award. The owner appealed to the district court. From that judgment in the district court the condemner has appealed and the owner has cross-appealed.

The facts are substantially as follows: The right-of-way was

154.7 rods long and 50 feet wide. It extended diagonally across the northwest corner of the quarter and contained 2.93 acres. It ran within 200 feet of some of the owner's outbuildings and within 500 feet of his house. The appraisers gave for land taken $309.40 and for crop loss $39.91, or a total of $346.31.

It was stipulated at the outset that the amount of damages to the owner for the taking was the only issue.

At the close of the evidence the condemner requested questions to be submitted to the jury. They are with the jurors' answers as follows:

"No. 1: What do you find was the fair market value of the surface of the 50 foot strip consisting of approximately 2.93 acres of appellant's land taken for pipe line right of way, immediately before condemnation? A. $87.50 per acre.

"No. 2. What do you find was the fair market value immediately after condemnation of appellants' right to use the surface of said 50 foot strip of said right of way in any way and inconsistent to the use thereof for pipe line purposes, and the other rights therein reserved to him in the condemnation? A. $70.00 per acre.

"No. 3. (a) Do you find that the condemnation of the 2.93 acre right of way easement set out in the petition damaged the residue of plaintiff appellants' quarter section of land? A. No. (b) If so, state the nature of the damage. A. None.

"No. 4. What was the fair market value of the surface of plaintiff appellants' quarter section of land immediately before condemnation? A. $14,000.00.

"No. 5. What was the fair market value of the surface of plaintiff Appellants' quarter section of land immediately after and subject to the pipe line condemnation? A. $13,949.68."

The owner objected to the submission of questions 1 and 2 because they did not tend to establish any proper measure of damages on any question, which was the proper subject of determination for the jury. The objection was overruled and the questions submitted. The general verdict was as follows:

"For actual personal property damage caused by construction of pipe line, .................. ...................... $76.26 (There is no question about this item)

"Value of Easement or Right-of-way acquired, .................. $464.10

"Damage to remaining 157-plus acres,........................ $   0

    "Total amount of damages, ............................. $540.38."

The owner filed a motion to set aside the general verdict and answers to special questions and for a new trial on the grounds of abuse of discretion, answers to special questions contrary to the

evidence, erroneous rulings and instructions, and verdict given under the influence of passion and prejudice.

The condemner asked an order setting aside the general verdict and for judgment on the answers to special questions. Both these motions were overruled and judgment rendered pursuant to the general verdict. Hence this appeal and cross-appeal.

The condemner's specifications of error are the court erred in overruling its motion to set aside the verdict and to enter judgment on the answers to special questions.

We shall first deal with the owner's cross-appeal wherein he argues he should have been granted a new trial. He did not file any specifications of error but states the questions involved to be— Did the trial court err in submitting questions 1 and 2 to the jury?; Are the answers to these questions supported by substantial evidence? and Was the general verdict in whole or in part contrary to the evidence?

He argues first the trial court erred in submitting questions 1 and 2 to the jury because the questions tended to confuse the jury and did not encompass any proper measure of damages in the trial of the case. He argues the action was tried on another theory altogether. We are unable to follow the owner in this argument. Among the instructions given by the trial court was No. 6. There was no objection to it and it became the law of the case. It was as follows:

"In this proceeding the petitioner has acquired an easement to lay, relay, operate, maintain, inspect, alter, repair and reclaim a pipe line on a strip of land 50 feet in width through, under and across the tract of land involved in this appeal.

"In this connection you are instructed that in determining the value of the right of way taken you should consider the value of the use remaining in the owner, particularly the right to use the property for farming, or any other use not in conflict with the use of said strip of land by the appellee, including that which is most advantageous and valuable."

Questions 1 and 2 were propounded to the jury based on the above instruction. The instruction followed the rule laid down in 18 Am. Jur. 889, Sec. 251. There it is said:

"When, however, the easement is of a less exclusive character, as, for example, that of a telegraph line, or when, by reason of the existence of minerals or oil underneath the surface which can be taken out without interfering with the public easement, the fee has a real and substantial value, the condemning party is not bound to pay the full value of the land taken, but merely the decrease in market value that is due to the imposition of the

public easement; in other words in awarding compensation, the value of the interest in the land remaining to the owner is to be deducted from the fair market value of the land."

See, also, *United Power & Light Corp. v. Murphy,* 135 Kan. 100, 9 P. 2d 658.

See, also, *Yagel v. Kansas Gas & Electric Co.,* 131 Kan. 267, 291 Pac. 768, where an instruction was approved, which stated:

" '. . . In making such estimate of damages, you should allow the fair market value of the land actually covered by each tower; the difference in market value of the strip of land 100 feet wide, appropriated to defendant's use in the way and manner and limitations, as described and provided by the report of the commissioners, to which your attention has been directed, approximately 3.24 acres . . . the depreciation, if any, in the market value of the residue . . .' "

Questions 1 and 2 were plain and direct in form and within the issues of the case.

The owner, cross-appellant, next argues the answers to special questions were not supported by the evidence. He argues there was no evidence as to the exact amounts found by the jury while there was expert testimony as to other amounts. He argues in effect under such circumstances the jury was bound to answer the questions in accordance with the expert testimony. Expert testimony uncontradicted is sufficient to support a verdict, but the jury is not bound by it.

In *C. K. & W. Rld. Co. v. Drake,* 46 Kan. 568, 26 Pac. 1039, we said in considering an analogous question:

"It was the particular province of the jury to determine the value of the lots. Their value was purely a question of fact, to be determined from all of the evidence before them. They had the testimony of the witnesses upon the part of the plaintiff and defendant, giving their opinions as to the value of these lots. There was evidence, too, of the location and condition of the lots, as well as the purposes for which they might be utilized. The testimony as to the value of the property condemned was opinion evidence. The witnesses gave their best judgment as to the value of the lots, and this evidence depended upon a knowledge of the value of real estate at the time the property was taken. Now, an opinion as to the value of a piece of property is not, strictly speaking, a fact, but is received in evidence upon the same principle as that on which the opinions of experts are admitted . . ."

See, also, *Smith v. Tri-County Light & Power Co.,* 120 Kan. 123, 241 Pac. 1090. There we said:

"Plaintiff raises one other question. He moved for a new trial upon the amount of damages only. This was overruled. Upon this point his contention is that all of the evidence before the jury fixed the value of the barn burned at

$2,000, while the jury found its value to be $900. It is true that each witness who placed a value upon the barn in his testimony, placed such value at $2,000, but that is not all of the evidence before the jury as to the value of the barn. Its description was given in detail. Its size, the material of which it was built; the fact that it had been built seventeen years, all furnished ground upon which the jury could base a judgment as to its value, even though no witness had stated a specific sum as to the value. While the jury might have found a different value on the barn, they had evidence to sustain the finding which was made."

Here there was evidence as to the nature and general characteristics of the land, a plat of the property, and aerial photographs of it. There was substantial evidence to sustain the answers.

The owner next argues there was no evidence to sustain the general verdict. We shall consider this question when dealing with appellant's argument on its appeal.

We turn now to condemner's argument, the trial court erred in overruling its motion to set aside the general verdict and enter judgment on the special questions. At the outset of this argument it must be noted there is no dispute whatever about the item of $76.28 in the general verdict for actual personal property damage caused by construction of pipe lines. Both sides concede the amount to be correct.

Since we decided in considering the owner's cross-appeal that the trial court did not err in submitting questions 1 and 2 and the owner did not object to questions 3, 4 and 5, we have only to consider now whether the motion for judgment on the special questions should have been sustained.

Here we are met with the fact, the answers to the special questions cannot be reconciled. The answers to questions 1 and 2 when calculated show the jury found the value of the land actually taken, subject to the owner's right to use, to be $51.27.

In answer to questions 4 and 5, the jury found the difference in the value of the whole tract between the time immediately before condemnation and immediately after to be $50.32.

Inherent in these two questions and answers is a finding of damage to the land. This answer is irreconcilable with the answers to question 3, and the general verdict where the jury found no damage to the residue of the land.

Where the answers to special questions are inconsistent with each other and with the general verdict, a judgment cannot be rendered on them. Neither can the general verdict stand. (See *Berry v.*

*Weeks*, 146 Kan. 969, 73 P. 2d 1086; also *Willis v. Skinner*, 89 Kan. 145, 130 Pac. 673; also *Roediger v. Railroad Co.*, 95 Kan. 146, 147 Pac. 837.) It follows a new trial must be had.

The judgment is affirmed as to the appeal and reversed as to the cross-appeal, with directions to grant both parties a new trial in accordance with the views expressed herein.

HARVEY, C. J., not participating.

PARKER and PRICE, JJ., concur in the result.

SMITH, J. (concurring specially): I agree the case should be sent back for a new trial. I cannot agree, however, with what the court says about the answers to questions 4 and 5. I would not bother to write anything since the end result is the same were it not for my conviction that the treatment given these two answers will cause the court trouble some time in the future.

Questions 3 and 4 have nothing whatever to do with damages to the land. In proceedings of this sort there are only two questions, actually. One is the value of the land taken and the other is damage to the residue. That is all the damages ever proper to consider aside from damages to personal property, about which there is no dispute here.

Questions 1 and 2 and questions 4 and 5 each present a different formula for ascertaining the same result. Questions 1 and 2 are proper to enable the parties to be sure the jury, in the case of condemnation of a right-of-way for a gas pipe line, gives the condemner the benefit of the value of the right to use, remaining in the landowner after the pipe line is built.

In a record such as this, where the jury found no damage to the residue, question 5 should have been answered by subtracting the value of the land taken, that is, in this case, $51.27, from the value of the entire quarter section. Thus the answer to question 5 should have been $13,948.73. Had the jury intended to find any damage to the residue it could have added whatever amount it found to the value of the land taken, and subtracted that amount from $14,000, the amount found to be the original value of the quarter section. This plus the item for damages to personal property should have been calculated to give the amount of the general verdict. Since this jury twice found no damage to the residue, the general

verdict should, to be consistent with the answers to questions 1 and 2 and questions 4 and 5, have been for $51.27, plus the amount agreed upon for damages to personal property. Since there was a discrepancy between the answers to questions 1 and 2 and questions 4 and 5, I agree there should be a new trial.

My only reason for writing this specially concurring opinion is, I am sure confusion in the future will result from what is said in the prevailing opinion.

THIELE, J., concurring specially.

With respect to the motion of the defendant company for judgment on the answers to the special questions and its appeal which is solely from the ruling denying the motion, I desire to state my own views.

Briefly stated the jury by its answer to Question No. 3 found there was no damage to the land not taken, but by its answers to Questions Nos. 4 and 5 it did find damage in the amount of $50.32. These answers cannot be reconciled with each other nor with the statement contained in the general verdict that there was no damage to the lands not taken. The rule applicable under such a situation is that stated in *McCoy v. Weber*, 168 Kan. 241, 212 P. 2d 281, that:

"Consistent special findings control the general verdict when contrary thereto but when they are inconsistent with one another—some showing a right to a verdict and others showing the contrary—the case is left in the condition of really being undecided and a new trial should be granted."

Under that rule the motion for judgment on the special findings was properly denied, but under that same rule a new trial should have been granted and ordered by the trial court on its own motion.

With respect to the cross-appeal I note that plaintiff appealed only from the denial of his motion for a new trial and I agree that there was no error in that ruling—even though a new trial must be had.

I do not believe the concluding paragraph of the opinion is accurate. Our judgment should affirm that part of the judgment of the trial court denying the appellant's motion for judgment on the pleadings; should affirm the ruling of the trial court denying the cross-appellant's motion for a new trial for the reasons therein stated, but for the reasons hereinbefore set forth, the judgment should be set aside and a new trial ordered.