No. 39,849

HARRY SMITH and LENA A. SMITH, *Appellees,* v. COLORADO INTERSTATE GAS COMPANY, *Appellant.*

(294 P. 2d 226)

Opinion filed February 29, 1956.

*Shelley Graybill,* of Elkhart, argued the cause and was on the briefs for the appellant.

*A. E. Kramer,* of Hugoton, argued the cause and *Bernard E. Nordling,* of Hugoton, was with him on the briefs for the appellees.

The opinion of the court was delivered by.

SMITH, J.: This was a proceeding to condemn a right-of-way for a gas pipe line across a quarter section of land. The landowners appealed from the appraiser's award. The sole question at the trial in district court was the amount of the judgment. The right-of-way condemned was a strip 174.9 rods long and 50 feet wide. It ran diagonally across the quarter section. It comprised 3.313 acres. The jury answered special questions as follows:

"No. 1. (a) Do you find that the condemnation of the 3.313 acre right-of-way easement set out in the petition damaged the residue of plaintiff Appellant's quarter section of land? A. Yes.

"(b) If so, state the nature of the damage. A. Sale Value, Inconvenience of Operation, and loss of use of pasture.

"No. 2. What was the fair market value of the surface of plaintiff appellant's quarter section of land immediately before condemnation? A. $16;000.00.

"No. 3. What was the fair market value of the surface of plaintiff Appellant's quarter section of land immediately after and subject to the pipeline condemnation? A. $15,500.00."

It returned a general verdict as follows:

"For actual personal property damage caused by construction of
pipe line .............................................. $200.00
Value of Easement or right-of-way acquired................ $699.60
Damage to remaining 156-plus acres....................... $312.00
    Total amount of damages........................'............·........... $1211.60"

The condemner requested submission of the following questions:

"1. What do you find the fair market value of the surface of the 50 foot strip, consisting of approximately 3.313 acres, of appellants land taken for pipe line right-of-way, immediately before condèmnation? $......

"2. What do you find was the fair market value immediately after condemnation of appellant's right to fully use the surface of said 50 foot strip of said right-of-way in any way not inconsistent to the use thereof for pipe line purposes, and the other rights therein reserved to them in the condemnation? $......

"3. How much, if anything, do you allow for diminution in value of the remaining 156 plus acres by reason of fear of fire or explosion of the pipe line? $......

This request was refused.

The condemner filed a motion for a new trial on the grounds of misconduct of the jury, erroneous rulings, verdict was given under the influence of passion and prejudice, and general verdict and special verdict were in conflict and inconsistent with the jury's

answers to special questions. This motion was overruled. Judgment was entered for $1,211.60. This appeal followed.

The appeal presents the converse of the questions presented in *Denman v. Colorado Interstate Gas Co.*, 179 Kan. 180, 294 P. 2d 207, this day decided. In that appeal the trial court submitted two such questions. The landowner argued they should not have been submitted and that he should have a new trial on account of that. We did order a new trial but not for that reason. We approved the submission of the questions. In this case the trial court refused to submit the questions and the condemner asks a new trial on account of it.

We held in the Denman case, *supra,* the trial court did not err in submitting them. In this case we hold for the reasons set out in the former opinion that the questions were proper, should have been submitted, and it was error not to submit them.

This would require a reversal of this judgment. There is, however, another reason why the judgment must be reversed.

G. S. 1949, 60-2918, provides as follows:

". . . When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

There is a hopeless conflict between the answers of the jury to questions 2 and 3 and the general verdict. At the same time the answers to special questions are so incomplete that a verdict cannot be ordered on them and no one asked such a judgment.

It follows the judgment of the trial court is reversed, with directions to grant the condemner a new trial, in accordance with the views expressed herein and in the Denman case.

HARVEY, C. J., not participating.